MARCH 11,
1875.
}                        BROWN *v.* BROWN.

*Legacy—Dower—Election by Widow.*

A testator gave to his widow a legacy of $400, and made no other mention
of her in the will. After other bequests, he made B. his residuary lega-
tee. *Held*, that there was nothing in the will which by the common
law, or under the statutes of this state, put the widow to an election,
but that she was entitled to the legacy in addition to her rights at law
in the real estate of her husband.

Where there is a residuary legatee who is also executor, acceptance by the
widow of the provision made for her by the will may have the effect,
under chapter 176, section 13, General Statutes, of a waiver of her dis-
tributive share in the estate.

APPEAL from a decree of the judge of probate, by Mary K. Brown
against James W. W. Brown, executor of Henry Brown.

The facts are sufficiently stated in the opinion of the court.

*Stickney*, for the appellant.

*Marston*, for the appellee.

LADD, J.   The husband of the petitioner, Henry Brown, made his
will, dated October 28, 1871, containing a bequest to the petitioner in
the following words: " First, I give and bequeath to my wife, Mary K.
Brown, the sum of four hundred dollars;" and no other mention of
the petitioner is made in the will. After legacies to a daughter, grand-
son, and his son George H. A. Brown, the will proceeds: " Lastly, as
to all the rest and residue of my estate, both real and personal what-
ever, and wherever situated, after the payment of my just debts, lega-
cies, funeral expenses, and the expense of settling my estate, I give,
devise, and bequeath the same to my son, James W. W. Brown, to have
and to hold the same to him, his heirs and assigns, forever ; and I do
hereby constitute and appoint my said son, James W. W. Brown, sole
executor of this my last will and testament."

The testator died November 3, 1871, and his will was proved in the

probate court, November 15, 1871, and letters testamentary issued to the executor named therein, this defendant. On that day the petitioner filed in the probate court the following paper:

"*To the Hon. Judge of Probate for the county of Rockingham:* Respectfully represents Mary K. Brown, of Kensington, in said county, that she is the widow of Henry Brown, late of said Kensington, deceased, testate, and that she accepts the provision made for her by the last will and testament of said Henry Brown, deceased. Dated the 15th day of November, 1871.          MARY K. BROWN."

December 13, 1871, said Mary K. Brown filed in the probate court a petition, in which she alleged that at the time of executing the above paper she was greatly troubled and disturbed on account of the death of her husband, and had no time or opportunity to consider or consult any one as to her rights in her husband's estate, and she was not at the time in a proper state of mind to act understandingly on the subject. That the said executor urged and pressed her to sign said paper immediately, representing that it was necessary in order to settle the estate, and she signed the same without reflection or consideration, and without knowing what her rights were, or what effect her signing said paper would have, and praying for leave to withdraw it, etc.

At a court of probate held on the twenty-first day of February, 1872, the prayer of said petition was denied, and this appeal was duly taken therefrom.

Quite an amount of testimony has been taken and laid before us to show the circumstances under which the paper accepting the provisions of the will was executed by Mrs. Brown, the value of the real estate mentioned in the will, and a variety of other matters which need not now be stated.

Upon the foregoing facts, we think this petitioner is entitled under the will to the legacy of $400 in addition to any right or interest she may have in the real estate of her deceased husband by force of law. Our statute provides that " The widow of the testator may waive any provision made in his will and intended to be instead of her dower or distributive share, by a writing filed with the judge; and thereupon such provision shall be void, and her dower and distributive share shall be assigned her." Gen. Stats., ch. 174, sec. 13.

This is nothing more than an affirmance of the common-law principle that a right conferred by law upon a married woman in the real estate of her husband shall not be taken from her by his act without her concurrence. If something is offered her instead of dower, and the alternative is fairly presented to her mind, she will be bound by her choice, and her acceptance of such other thing is rightly held to be a surrender and release of her alternative right of dower. But her right to choose between the two is just as perfect without as with the statute, for the reason stated above, that the right of dower is given by law and cannot be defeated by any act of the husband. So, as to the intention of the testator, it must appear that the provision was intended to be instead of her dower or distributive share the same by

the statute as at common law. Such intention may be shown by express words to the effect that it was given in lieu of dower, or it may appear from other portions of the will showing a disposition of the estate so inconsistent with and repugnant to the claim of dower that the two cannot stand together. But in some way the intention of the testator that the provision shall be instead of dower must appear, before the widow will be put to an election between the provision and her rights at law.

We have examined this will in vain to find anything in it inconsistent with a claim by the widow according to her rights at law, so far as regards the real estate of the testator. It is true, the defendant is made residuary legatee,—but that is entirely consistent with a right of dower in the widow ; and the enforcement of that right against him is no more repugnant to the will than would be the enforcement of the rights of a tenant in common, provided the testator had been the owner of but an undivided half of the premises at the time of his death. The testator could not convey by will any more than by deed a greater estate than he had. The devisee took the premises subject to the outstanding legal rights of the widow therein, as much as he would have taken them subject to the rights of an absolute owner in fee of one undivided half had that been the state of the title.

There is no presumption that the legacy of $400 was intended to be in lieu of dower. On its face, it purports to be a bounty with no condition annexed. Dower is conferred by law, and no reason can be imagined why that right, which the husband did not give and could not take away, should be affected by a simple unconditional gift from him of $400. So far as I can see, therefore, there is nothing in this will to show that the widow must give up a right secured to her by the law of the land in order to be entitled to the legacy, any more than that she must give up to the residuary legatee any other property, real or personal, which she owned entirely independent of the will. The cases sustaining this view are extremely numerous. The following may be referred to : *Parker* v. *Sowerby,* 4 De G. M. & G. 321 ; *Jackson* v. *Churchill,* 7 Cow. 287 ; *Strathan* v. *Sutton,* 3 Ves. 249 ; *Ellis* v. *Lewis,* 3 Hare 310 ; *Bull* v. *Church,* 5 Hill 206 ; *Adsit* v. *Adsit,* 2 John. Ch. 448 ; *Fuller* v. *Gates,* 8 Paige 325 ; 2 Story's Eq., sec. 1088, a. ; 2 Redf. on Wills, ch. 2, sec. 6. The Massachusetts statute of 1783, under which *Reed* v. *Dickerman,* 12 Pick. 146, was decided, entirely changed, instead of affirming as ours does, the common-law rule on the subject, and is therefore no authority one way or the other on the question before us. See remarks of Morton, J., pp. 148, 149. Mrs. Brown therefore was not bound to elect whether she would take the legacy, or stand upon her legal rights as to the real estate, for the reason that she was entitled to both.

It has been suggested that her acceptance of the will amounts to a waiver or release of her rights of dower and homestead, by virtue of sec. 13, ch. 176, Gen. Stats., which is as follows : " If the executor to whom administration is granted is residuary legatee, and there is no

widow, or if, there being a widow, she informs the judge in writing that she accepts the provisions of the will, a bond with sufficient sureties may be taken from him, with condition only to pay the funeral charges, debts," etc.   It therefore becomes necessary to inquire what is the true construction and effect of this statute; and I am of opinion that it goes to the distributive share of a widow in the estate of her late husband, and no further.   That right arises only upon the death of the husband, and attaches to property over which he had absolute control.   This marks the broad distinction that exists between her distributive share and her rights of dower and homestead, which, having an inchoate existence during his life, are placed beyond the operation of his will by force of law.   If, therefore, her acceptance of the will had the effect to vest absolutely the whole estate of the testator in the residuary legatee (which has been doubted—*Heydock* v. *Duncan*, 43 N. H. 101), still, it cannot have that effect as to property upon which the will does not operate.   I see no way in which it can be held that her acceptance defeats or annuls her right of dower and homestead, unless, indeed, such acceptance is to be given the effect of an independent conveyance of her interest and title in the land to the residuary legatee.   Such, I think, is not the true construction of the statute.   Sec. 12 of ch. 183, Gen. Stats., which fixes the distributive share of the widow when there are lineal descendants, and she waives the provision made for her by the will, shows quite conclusively that the provision in the will is regarded as a substitute for the distributive share, and that neither her acceptance nor waiver thereof affects in any way her other legal right.

With these views, it is probably of no consequence to the petitioner whether the paper be withdrawn or not.   I am, however, of opinion, upon a careful examination of the evidence, that she should be permitted to withdraw it if she still desires to do so, and that the decree of the probate court should be reversed.

CUSHING, C. J., and SMITH, J., concurred.

*Decree of the probate court reversed.*