. SIMMONS, *Ap't, v.* GOODELL, *Ex'r.*

A decree of the judge of probate on the settlement of an administration account concludes an infant whose guardian has notice and is present.

If an appeal is not taken, a decree has the same effect as the judgment of a court of common law.

Errors in the decree can be corrected only upon appeal: errors in the record of the decree may be corrected at any time.

The appellant is confined to his reasons of appeal, but the whole record is open to the appellee.

PROBATE APPEAL. The defendant is executor of the will of George A. Simmons. He settled his first administration account

in 1865, his second in 1874, and his third in 1884. The plaintiff appeals from the decree made at the last settlement, because (1) the defendant was not charged with the amount of a note against Morse, and of a note against Welch; and (2) was credited $100 for money paid Davis in 1864. At the first settlement the defendant was charged with $100 collected on the Morse note, and February 27, 1864, he collected $29.33 on the Welch note, and might, by the exercise of reasonable diligence, have collected the remainder. At the second settlement, of which the guardian of the plaintiff, who was then a minor, had notice, and at which he was present, the defendant was credited with "loss on Morse note, $125.59," and "loss on Welch note, $39.01," being in each case the difference between the amount of the note and interest at the time the inventory was taken, and the amount collected; and was also credited, by "a manifest mistake," with $100 paid Davis in 1864. August 15, 1871, he paid for a proper charge against the estate $117, which was not credited to him in the second or in the last settlement. The plaintiff claims that the defendant, not having appealed, is not entitled to have this item allowed.

*Bingham, Mitchells & Batchellor,* for the plaintiff.

*Spring & Spring,* for the defendant.

CARPENTER, J.    The decree made at the second settlement has the same conclusive effect upon the plaintiff as if he had been of full age. He was represented by his guardian, who had notice and was present. *French* v. *Hoyt,* 6 N. H. 370; *Boody* v. *Emerson,* 17 N. H. 577; *Robbins* v. *Cutler,* 26 N. H. 173; *Thompson* v. *Paris,* ante 421; *Peters* v. *Peters,* 8 Cush. 529.

If no appeal is taken, a decree of the court of probate has the same force and effect as a judgment of a court of common law. It is conclusive of all matters directly in issue and determined. *Poplin* v. *Hawke,* 8 N. H. 124; *Mathes* v. *Bennett,* 21 N. H. 188, 202; *Tebbets* v. *Tilton,* 24 N. H. 120; *Wilson* v. *Edmonds,* 24 N. H. 517; *Merrill* v. *Harris,* 26 N. H. 142; *Hurlburt* v. *Wheeler,* 40 N. H. 73; *Morgan* v. *Dodge,* 44 N. H. 255, 257, 258; *Jones* v. *Chase,* 55 N. H. 234. Evidence of facts inconsistent with it is incompetent. *Judge of Probate* v. *Briggs,* 3 N. H. 309; *Allen* v. *Hubbard,* 8 N. H. 489; *Parker* v. *Gregg,* 23 N. H. 425; *Flanders* v. *Lane,* 54 N. H. 390. If the precise matter in issue does not appear upon the face of the record, extrinsic evidence may be received to show what facts were determined,—as, for example, to show that a particular item of account formed a part of a larger one. *King* v. *Chase,* 15 N. H. 9; *Morgan* v. *Burr,* 58 N. H. 470; *Eastman* v. *Clark,* ante 31.

Erroneous decrees can be corrected only upon appeal. *Judge of Probate* v. *Robins,* 5 N. H. 246; *Bryant* v. *Allen,* 6 N. H. 116;

*Kimball* v. *Fisk,* 39 N. H. 110; *Judge of Probate* v. *Lane,* 51 N. H. 342, and cases before cited. Errors in the record of a decree may be corrected at any time. The court of probate has the power inherent in all courts to correct its own records and make them conform to the fact. *Allen* v *Hubbard,* 8 N. H. 487; *Chamberlain* v. *Crane,* 4 N. H. 115; *Emery* v. *Berry,* 28 N. H. 473; *Carlton* v. *Patterson,* 29 N. H. 580; *Claggett* v. *Simes,* 31 N. H. 56; *Wingate* v. *Haywood,* 40 N. H. 437, 452; *Stark* v. *Gamble,* 43 N. H. 467.

The plaintiff is restricted to the matters specified in his reasons of appeal. At his instance, no grievances except such as he has assigned will be considered *(Bean* v. *Burleigh,* 4 N. H. 550, *Mathes* v. *Bennett,* 21 N. H. 188, *Hatch* v. *Purcell,* 21 N. H. 544); but the whole record is open to the defendant, and any errors which he may point out will be corrected. *Wendell* v. *French,* 19 N. H. 205; *Twitchell* v. *Smith,* 35 N. H. 48; *Patrick* v. *Cowles,* 45 N. H. 553; *Caswell* v. *Hill,* 47 N. H. 407.

In the settlement of 1874 the defendant was credited with the uncollected principal of the notes in question, and the interest follows the principal. This was an adjudication that the defendant was not accountable for the remainder of the notes, by which both parties are concluded.

It is not stated what the manifest mistake was by which the item of $100 was credited to the defendant. In the absence of a more definite finding, it must be taken that it was not an error of judgment in the judge of probate, but an error in the record, and it should be corrected. The defendant should be credited with the item of $117.

*Decree modified accordingly.*

SMITH, J., did not sit: the others concurred.