MOODY & a. *v.* DAVIS, and GILMORE & a., *Trs.*

If, after an executor of a will, to whom the entire property is devised, has filed a bond to pay the debts, the estate is decreed to be and is administered by him as insolvent, persons indebted to the estate cannot be charged in foreign attachment as his trustees.

FOREIGN ATTACHMENT. Facts found by the court. The plaintiffs seek ·to charge the trustees for rents of certain real estate. Writ served on the trustees December 3, 1890. The defendant, as executor of his deceased wife's will, claims the rents. Mrs. Davis died testate February 6, 1890, seized of the real estate from which the rents accrued. She gave to her husband all her property, and nominated him executor. The will was proved and the husband appointed executor May 24, 1890. He gave bond in the penal sum of $1,000 to pay debts and legacies, and returned no inventory. Upon his petition, and without notice, the estate was decreed to be administered in the insolvent course June 4, 1892, and a commissioner appointed to allow claims. The estate is in fact insolvent, the value of the assets being less than the amount of the liabilities by more than a thousand dollars.

The trustees occupied the real estate as tenants of the defendant from October 11, 1890, to October 11, 18ʋ1, and there was due from them at the date of their disclosure the sum of $249.96 for rent. The question whether they are chargeable for this sum ,was reserved.

*Arthur O. Fuller*, for the plaintiffs.

*Edwin G. Eastman*, for the defendants.

SMITH, J. The giving of a bond by an executor, who is residuary legatee, to pay debts and legacies (G. L., *c.* 195, *s.* 13, Pub. Stats., *c.* 188, *s.* 13), has been held to vest in the executor all the estate of the testator not specifically devised. *Tarbell* v. *Whiting*, 5 N. H. 63; *Batchelder* v. *Russell*, 10 N. H. 39;—and see *Tappan* v. *Tappan*, 30 N. H. 50, 68, and *Mercer* v. *Pike*, 58 N. H. 287, 288. But this holding was questioned in *Heydock* v. *Duncan*, 43 N. H. 95, 101, and *Brown* v. *Brown*, 55 N. H. 106, 109.

What the result in this suit would be had there been no insolvency decree, is a question not considered. It must be presumed that when the estate was decreed insolvent the executor gave a new bond, and that the original bond was adjudged insufficient, or was withdrawn by leave of court. The estate could not be administered as insolvent without the executor's giving a new bond.

No appeal has been taken from the decree of insolvency. The decree is conclusive as long as it stands. *Simmons* v. *Goodell*, 63 N. H. 458. Not having been reversed, the creditors are entitled to the property of the deceased.

*Trustees discharged.*

CHASE, J., did not sit: the others concurred.