Rockingham, )
Dec. 4, 1906. )

### KENT, *Ex'x*, v. HUNT, *Guardian*.

### SAME v. SAME.

Where an executor, upon settlement of the testator's guardianship account, is charged *in specie* with certain promissory notes as the property of the wards, and no appeal is taken therefrom, the decree is conclusive upon the executor's subsequent petition for leave to transfer the securities to a new guardian.

PROBATE APPEALS. Facts found, and case transferred without ruling from the April term, 1906, of the superior court, by *Chamberlin*, J.

May 6, 1905, the plaintiff, as executrix of her husband's will, settled his accounts as guardian of two minors in the probate court. In that accounting she was charged *in specie* for three several notes of the Exeter Manufacturing Company, payable to her husband as guardian. From this decree no appeal was prosecuted. July 25, 1905, upon her petition the court authorized her to trans-

fer to the defendant as guardian, succeeding her husband in that capacity, certain securities named in the petition, but excepting the notes above referred to. From this decree the plaintiff appealed.

*Eastman, Scammon & Gardner*, for the plaintiff.

*Nathan P. Hunt*, guardian, *pro se*.

WALKER, J. From the reported facts and the briefs of counsel it appears that the ground of the appeal is, that there is error of law in the decree of the probate court denying the plaintiff's petition, so far as it asks for authority to transfer to the defendant the notes of the Exeter Manufacturing Company. By the decree of May 6, it was determined that George E. Kent's estate was chargeable upon the settlement of his guardianship account with the notes in question *in specie*, and not for their value represented in money. Thereupon the plaintiff held the notes as specific property belonging to the wards. From this decree no appeal was prosecuted. The jurisdiction of the probate court in that matter is unquestioned. The decree bound the wards as well as the plaintiff. It was a final adjudication between parties who, it must be presumed, were properly before the court, upon a matter within the court's jurisdiction. *Simmons* v. *Goodell*, 63 N. H. 458. Unappealed from, it is so far conclusive that "evidence of facts inconsistent with it is incompetent." *Simmons* v. *Goodell, supra.* Hence the first decree was of binding force upon the plaintiff's subsequent petition for leave to transfer the securities to the defendant. The attempt to show in this proceeding that the wards' money was improperly or illegally invested in the notes is an attack upon the former subsisting judgment between the same parties in interest. The refusal of the probate court to allow the plaintiff to turn over the notes to the defendant was in effect a reversal of the former decree *pro tanto*, and cannot be sustained. Upon receiving the notes, the defendant will take such action with reference to them as the interests of his wards may seem to require. *Stevens* v. *Meserve*, 73 N. H. 293.

*Case discharged.*

All concurred.