### STRAFFORD.

---

### FULLER & a. v. BAILEY.

A motion to set aside a verdict on the ground that it is against the evidence, raises a question of fact to be decided at the trial term.

TROVER. The plaintiffs moved to set aside the verdict as being against the evidence.

*Hobbs* and *Dodge*, for the plaintiffs.

*J. G. Hall*, for the defendant.

DOE, C. J. Whether a verdict is against the evidence is a question of fact. The question is, whether the conflict between the verdict and the evidence is so strong that the court can see that the jury, in coming to their result, were influenced by passion, prejudice, partiality, or corruption, or unwittingly fell into a plain mistake. *Belknap* v. *B. & M. R. R.*, 49 N. H. 358 ; *Childs* v. *S. & K. R. R.*, 20 Monthly Law Reporter 561, 562 ; *Leith* v. *Pope*, 2 W. Bl. 1327. When. there is oral testimony, such a question of fact should be decided at the trial

term by the presiding justice, who, having heard and seen the witnesses, has much better means of deciding it correctly than others can have who were not at the trial. *Hill* v. *New Haven*, 37 Vt. 501, 512. And when all the evidence is in writing, the case falls within the general rule, that questions of fact, arising at a trial in the trial term, are to be determined there, and not in the law term. The question, whether a verdict is against the evidence, is one which the court at the trial term would not ordinarily reserve, and which the court at the law term would generally refuse to consider if it were reserved. No question of law is raised by a motion of this kind, until the fact is found that the verdict was produced by passion, prejudice, partiality, corruption, or mistake. In this case that fact is not found.

*Judgment on the verdict.*