## HOVEY v. BROWN.

Bad grammar will not vitiate a declaration, if its fair meaning can be ascertained.

To justify the setting aside of a verdict because of excessive damages, it must appear that they were so excessive as to warrant the belief that the jury must have been influenced by partiality, passion, or prejudice, or misled by some mistaken view of the merits of the case.

Whether the verdict should be set aside on the ground of excessive damages, and whether the verdict is against the evidence, are questions of fact, to be decided at the trial term.

A motion for nonsuit will be granted where there is no evidence upon which a jury can properly find a verdict for the plaintiff (party producing it), upon whom the burden of proof is imposed.

A special agent to do a particular thing has no implied authority to bind his principal by fraudulent representations, unless the latter has held him out as possessing a more enlarged authority.

The fact that a man signed a deed written by his son-in-law furnishes no evidence that the former authorized the latter to make any representations concerning the quantity of land sold other than those contained in the deed.

Where agency is to be proved by the subsequent ratification of the act by the principal, it must appear that the principal had (previous) knowledge of all the material facts.

CASE, for deceit in the sale of land. Plea, the general issue.

The plaintiff's evidence tended to show the following facts: December 3, 1873, the defendant conveyed to the plaintiff a lot of land in Hooksett. Several days before said conveyance, one Gordon, a son-in-law of the defendant (who lived on the premises about a year), had a talk with the plaintiff in regard to a sale of the premises, and subsequently the plaintiff went to Hooksett and examined the land, Gordon pointing out some of the boundaries,

and representing to the plaintiff that a certain piece of woodland was included in the premises to be sold, when, in fact, it did not belong to the defendant. Thereupon the plaintiff bargained with Gordon for the purchase of the farm; and then, for the first time, Gordon informed the plaintiff that his father-in-law, the defendant, held the title to the farm. It was then agreed that the defendant would, at a time and place specified, meet the plaintiff and execute the deed, at which time and place the defendant and his wife did execute and deliver to the plaintiff a deed of the premises, drawn from a sketch of the land made by Gordon, the deed to the defendant not being present. Before signing, the deed was read over in the presence of the parties and Gordon. The woodland actually conveyed by the defendant's deed contained about three acres; and that pointed out by Gordon, as embraced in the premises to be conveyed, contained from four to six acres. The plaintiff and the defendant had no talk in regard to the farm, or the bargain therefor. The plaintiff offered no evidence of the agency of Gordon further than his relationship to the defendant, and the fact that the defendant signed the deed. Nor was there any evidence that the defendant knew of the representations made by Gordon, as to the amount of land included in the premises, other than those contained in his deed to the plaintiff.

The defendant excepted to the refusal of the court to order a nonsuit on this evidence.

The defendant's evidence tended to show that Gordon, in fact, owned said farm, the defendant merely holding the title as security for money loaned to Gordon; that previously Gordon had lived on several places of which the defendant held either a deed or a mortgage, and which Gordon had, with the consent of the defendant, exchanged or sold, the defendant signing the deeds; and that in every instance of this kind the defendant had no interest in the premises conveyed, except as security for money loaned Gordon.

Verdict for the plaintiff, and motion for a new trial, because there was no competent or sufficient evidence of agency; because the declaration was insufficient; because the damages were excessive; and because the verdict was against the weight of evidence. Motion denied, and the defendant excepted.

*Sulloway & Topliff,* for the plaintiff, cited *Colt* v. *Sixth Av. R. R. Co.,* 49 N. Y. 671; *Ferguson* v. *Tucker,* 2 Har. & G. 182; *Babb* v. *Clemson,* 12 Serg. & R. 328; *Perley* v. *Little,* 3 Me. 97; *Thornton* v. *Gibson,* 43 Ga. 395; *Crawford* v. *Burton,* 6 Ia. 476; *Drakely* v. *Gregg,* 8 Wall. 242; *Thompson* v. *Dickerson,* 12 Barb. 108; *Hickman* v. *Jones,* 9 Wall. 197; *Fickett* v. *Swift,* 41 Me. 65; *Reed* v. *Deerfield,* 8 Allen 522; *Lewis* v. *Pratt,* 48 Vt. 358; *Foster* v. *Dixfield,* 18 Me. 380; *Coxe* v. *Field,* 1 Green (N. J.) 215; *Bartow* v. *Brands,* 3 Green (N. J.) 248; *Taylor* v. *White,* 2 T. B. Mon. 94; *Davis* v. *Hoxey,* 2 Ill. 406; *McKee* v. *Greene,* 31 Cal. 418; *Page* v.

*Parker*, 43 N. H. 363; *Johnston* v. *Hamburger*, 13 Wis. 175; *Imhoff* v. *Chicago & Milwaukee R. R. Co.*, 22 Wis. 681; *Oakes* v. *Thornton*, 28 N. H. 46; *McGregory* v. *Prescott*, 5 Cush. 67; *Barton* v. *Kane*, 17 Wis. 38; *Perkins* v. *Thornburgh*, 10 Cal. 189; *Jackson* v. *Leggett*, 7 Wend. 377.

*Morrison & Bartlett*, for the defendant.

FOSTER, J. The defendant moves to set aside the verdict "because the declaration is insufficient." The defects in the declaration have not been pointed out. There seem to be some grammatical errors; but bad grammar will not vitiate a declaration, if its fair meaning can be ascertained.

The objection that the damages are excessive is not sustained. The evidence on this point, recited in the reserved case, is very meagre: indeed, we are not informed what amount of damages was awarded by the jury. To justify the setting aside of a verdict because of excessive damages, it should appear that they were so exorbitant as to warrant the belief that the jury must have been influenced by partiality, passion, or prejudice, or misled by some mistaken view of the merits of the case. Sedgwick Damages 601; *Belknap* v. *Railroad*, 49 N. H. 358, 370–375. But neither this objection, nor the further objection that the verdict was against the evidence, presents any question of law. Such questions of fact are to be determined at the trial term. *Fuller* v. *Bailey*, 58 N. H. 71; *LeFavor* v. *Smith*, 58 N. H. 125; *Kelley* v. *Woodward*, 58 N. H. 153.

A motion for a nonsuit will not be granted where there is any evidence upon which a jury can properly find a verdict for the party producing it, upon whom the burden of proof is imposed. *Page* v. *Parker*, 43 N. H. 363; *Paine* v. *Grand Trunk Railway*, 58 N. H. 611.

The evidence upon which the plaintiff was compelled to rely in order to prevail in the action was evidence of deceit in the sale, perpetrated by the defendant, or by his agent with the defendant's knowledge and authority, or sanctioned by his subsequent ratification. The ground upon which the motion for nonsuit was based we understand to have been the absence of any competent evidence of Gordon's agency. But we fail to discover any evidence competent to be submitted to a jury to show that Gordon was the agent of the defendant to practise any deceit upon the plaintiff, or that any wrongful act or representation of Gordon was ratified by the defendant. The fact that Gordon had, with the defendant's knowledge and consent, sold or exchanged other lands of which the defendant had subsequently executed the deeds in accordance with the agreements made by Gordon, tended to show, at most, a special and not a general agency; and the principal, not having held him out as his general agent, is not bound by his fraudulent representa-

tions. Story Agency, s. 126. But if it were otherwise, the evidence that, in every instance in which Gordon had sold other lands of which the defendant subsequently executed the deeds, the defendant had no interest in the premises except as security for money loaned to Gordon, negatives the idea of any relation of principal and agent between them as to those lands. But the case distinctly finds that "the plaintiff offered no evidence of the agency of Gordon further than the relationship between him and the defendant, and the fact that the defendant signed the deed" in the circumstances stated. But these facts alone were not sufficient to authorize the jury to find the additional fact of agency. The relationship, and the writing of the deed by the son-in-law, would be evidence of agency if it appeared that the latter acted as agent; but, as he was selling his own land, his relationship to the defendant and his writing the deed are not evidence upon which his agency can fairly be inferred. *Johnson* v. *Stone*, 40 N. H. 197, 201, 202; *Ames* v. *Drew*, 31 N. H. 475, 482–484.

"There was no evidence that the defendant had any knowledge of the representations made by Gordon as to the amount of land which it was proposed to sell, other than those contained in his deed to the plaintiff." The signing of the deed by the defendant was a ratification of Gordon's authority to sell no more than the defendant owned. In order to be a ratification of Gordon's representations, it must appear that the deed was signed with knowledge of all the material facts. 2 Gr. Ev., s. 66.

If it were claimed that the defendant, having received the consideration for the land which was not conveyed, is bound to return that consideration unless he would be held to have ratified the fraud, the answer would be, that the evidence, so far as it is reported upon this point, tends to show that Gordon himself owned the land conveyed, and received all the consideration that was paid, the defendant merely holding the title as security for money loaned by him to Gordon, and by the execution of the deed relinquishing that security.

The refusal to order a nonsuit, upon the evidence produced at the trial, was error, and the motion for a new trial must be granted.

*Verdict set aside.*

STANLEY, J., did not sit: the others concurred.