## GRIFFIN v. AUBURN.

Evidence immaterial on the question of damages, and not of such a char-
acter as to prejudice the jury against the plaintiff, cannot avail to set
aside a verdict rendered in his favor, on the ground that the damages
were too small.

Hearsay evidence of the declarations of jurors, as to how they deter-
mined the amount of their verdict, is inadmissible to impeach their
verdict.

CASE, for injuries on a highway leading from Chester to Auburn
village. It appeared that the plaintiff's sons, Willard and John,
lived with their father at the time of the accident, and have since;
that when the horses came home, they immediately harnessed one
of them and started for their father, and, finding him injured in
the highway, took him home. Willard Griffin, a witness for the
plaintiff, testified in substance that he went to the place of accident
the next morning; that he examined the place, and followed the
wheel-track to the tree against which the plaintiff's wagon struck,
and beyond, towards Leach hill, to the Emery bridge; that the
track was out of the road some of the way, but was straight and

not zigzag ; that he had never said to any one that the traces became unhitched coming down the Leach hill. Subject to the plaintiff's exception, the defendants were permitted to prove that Willard Griffin said that the traces became unhitched coming down the Leach hill. John Griffin, a witnesss for the plaintiff, testified that he helped his father harness the horses when he started, and that the harnesses and wagon were all right, and that the horses were harnessed right. Subject to the plaintiff's exception, Sebastian Griffin, a witness for the defendants, was allowed to testify that after the accident the plaintiff told him to say to John that he must look out for the horses, as they were restive ; that he told John, and John replied that if his father had let the harness alone he would not have got hurt. Verdict for the plaintiff. In a hearing, on a motion by the plaintiff to set aside the verdict because the jurors considered the question of costs in determining the amount of their verdict, the court rejected evidence of the sayings of jurors after they had rendered their verdict and been discharged for the term.

*Stevens, Cross,* and *Frink,* for the plaintiff.

*Marston, Hatch,* and *Fellows,* for the defendants.

FOSTER, J. The jury, having returned a verdict for the plaintiff, found that a defect in the defendants' highway was the cause of damage to the plaintiff, without any contributory negligence on his part. The testimony of Willard, John, and Sebastian Griffin, if competent, bore, not on the question of damages, but on the question of the defendants' liability. It is therefore unnecessary to consider whether it was competent or not. Being immaterial on the question of damages, and not being of such a character as to prejudice the jury against the plaintiff, it cannot avail to set aside the verdict on the ground that the damages may be too small. *Page* v. *Parker,* 40 N. H. 47, 64; *Cook* v. *Brown,* 34 N. H. 460.

The testimony of jurors is inadmissible to impeach their verdict ; and still more so must be the hearsay evidence of their declarations as to the manner of their reaching a verdict. *Leighton* v. *Sargent,* 31 N. H. 119 ; *State* v. *Ayer,* 23 N. H. 301.

*Judgment on the verdict.*

BINGHAM, SMITH, and CLARK, JJ., did not sit: the others concurred.