DOUGHTY & a. *v.* LITTLE.

A decree of the judge of probate accepting the report of a committee to assign dower and a homestead, will not be reversed for the reason that the committee erred in its findings of fact.

PETITION, for leave to appeal from a decree of the judge of probate, accepting the report of a committee to assign the defendant's dower and homestead in the estate of her deceased husband, of whom the plaintiffs are the heirs at law. The reasons of appeal are because the homestead set off to her greatly exceeds $500 in value; because the yearly income of the portion of the estate assigned as dower is much greater than one third of the yearly income of all the real estate of which her husband died seized; and because dower was injudiciously assigned so as to encumber much more of the estate than was necessary. The defendant moves that the petition be dismissed.

*S. G. Lane* and *J. Y. Mugridge*, for the plaintiffs.

*Barnard & Barnard*, for the defendant.

CARPENTER, J. Gen. Laws, c. 204, s. 3, provides that "the written report of such committee (to assign dower and homestead), made after due notice and hearing, being accepted by the judge, upon due notice, shall be final and conclusive upon all parties." In *Bond* v. *Dunbar*, 2 N. H. 216, cited by the defendant, it was held that no appeal lay from a decree of the judge of probate accepting the report of referees, under the statute of February 11, 1791 (Laws of 1815, *p.* 221), which provided that such referees' "report, being returned to the said judge, and accepted by him, shall be final between the parties." The reasons of appeal are not stated. The statement that the motion to dismiss was made by the appellant is doubtless an error, because if made by him there was no occasion for considering the question whether the right of appeal existed. A dismissal of the appeal was all the appellee could ask for, and the appellant, it would seem, might, as a matter of right, abandon

61 365
66 477

61 365
67 110
68 31
68 56
68 399
68 400

61 365
69 606

61 365
70 84

61 365
71 158

his appeal at any time, before a hearing was entered upon, in analogy to the right of a plaintiff to become nonsuit before opening his case to the jury. *Wright* v. *Bartlett*, 45 N. H. 289. However that may be, the case is not authority upon the question now presented, because at the time of that decision no right of appeal existed, except in certain specified cases, of which that was not one. The general law conferring the right of appeal upon the party aggrieved by any final decree of a judge of probate was first enacted in 1822 (Laws of 1830, *p.* 373), and was substantially the same as our present statute (Gen. Laws, *c.* 207, *s.* 1), which provides that "any person aggrieved by any decree, order, appointment, grant, or denial of any judge of probate, which may conclude his interest, and which is not strictly interlocutory, may appeal therefrom to the supreme court." Under this statute, the right of the plaintiffs to appeal from the decree in question, if they are aggrieved thereby, is undeniable. The judge of probate has authority, for good cause shown, to reject or set aside the report, as, for example, for partiality or corruption in the committee. *Farwell's Petition*, 2 N. H. 125. From his decree accepting or rejecting the report the defeated party may appeal, as well as from any other final decree affecting his rights. But the plaintiffs are confined to the reasons of appeal by them assigned, and are not permitted to urge any other objections to the decree. *Patrick* v. *Cowles*, 45 N. H. 553, and cases cited. The motion to dismiss is in the nature of a demurrer. All the facts stated in the reasons of appeal are admitted, and the question is whether they show a sufficient cause for reversing the decree. *Waldron* v. *Woodman*, 58 N. H. 15.

*Morrill* v. *Morrill*, 5 N. H. 329, was a petition for partition under the act of July 3, 1829 (Laws of 1830, *p.* 459), which provided that the court should cause partition to be made by a committee, and that such partition, upon being returned to and approved and allowed by the court, and recorded, should be valid and effectual to all intents and purposes. Upon the return of the committee's report, the defendant objected in substance that the partition was unequal and unjust, and introduced affidavits in support of his objection, which were met by counter affidavits on the part of the plaintiff. This evidence was fully considered by the court, and found insufficient to sustain the defendant's objection, and the report was accepted. There was no allegation of corruption, misconduct, or mistake (except such as resulted from error of judgment) on the part of the committee. The court held that it was a valid objection to the acceptance of the report that the division made by the committee was unequal or inconvenient, but that the inequality or inconvenience must be distinctly pointed out and shown to the court by clear and direct evidence, and that the mere opinion of witnesses that the division was unequal would not be regarded. *Richardson*, C. J., says,—"The report of the committee is open to objection when returned to the court; and if it can be

shown that through mistake or otherwise the division is unequal or unjust, or unsuitable and inconvenient, it is to be set aside, and the case recommitted to the same or to a new committee, as justice may require, in order that a just and convenient partition may be had. But as the committee is appointed by the court, and persons selected on whose integrity and judgment the court thinks it can safely rely, and against whom neither party can raise any objection, great confidence is placed by the court in the report of the committee; and it will not be held to be any objection to a report that witnesses can be found who will testify that the division is, in their opinion, unjust or inconvenient. To induce the court to set aside the report, the inequality or inconvenience must be clearly and distinctly pointed out, and shown to the court by clear and direct evidence. It is much more safe to rely upon the judgment of an intelligent committee, than upon the opinions of witnesses selected by the parties. Witnesses often take sides with the parties who summon them; and when that is the case, however honest and respectable they may be, very little reliance can be placed upon their testimony when called to state a mere matter of opinion."

If this is a sound exposition of the law, it must control the present case. As already observed, the defendant concedes, for the purposes of this motion, that the homestead set out to her exceeds $500 in value, that the yearly income of the part assigned to her as dower is more than one third of the yearly income of all the real estate, and that dower was injudiciously assigned so as to encumber more of the estate than was necessary. This is an unequal, unjust, unsuitable, and inconvenient division; and if the doctrine of *Morrill* v. *Morrill* is sound, the motion to dismiss must be denied.

The great inconvenience to which that doctrine leads is obvious. Under it, the judge of probate must not only inquire into the regularity of the proceedings of the committee, but must also review its action upon the merits, and determine whether the division is just and equal. To do this, he must go over the same ground travelled by the committee, make the same examination, and hear the same evidence. He has no authority to make the partition himself, or to correct errors in the committee's report. If he finds that the committee erred, and that the division is unequal, he must recommit the report to the same or to a new committee for another hearing, and upon the coming in of the report reëxamine the whole subject, and if error is again found, commit the matter to a third committee, and so on indefinitely. It may well happen that no committee can be found which will agree to such a division as the judge of probate may think just and equal. Considering the nature of the duty,—that in making a proper and just partition, the value of the premises to be divided, and of the several parts thereof, the suitability and convenience of the location of the parts, and, it may be, various other similar questions of fact, all in a large degree

matters of opinion, upon which men of the soundest judgment are likely to differ, must be determined,—it would be strange if such cases were not frequent.    It would the rather be surprising if two committees should agree in making the same partition, or if the report of any committee should meet with the approval of the judge of probate.    The judgment of the judge of probate is no more likely to be correct than that of the committee; not so likely, in fact, just in proportion as the resultant judgment of three or five equally judicious men is likely to approach nearer to absolute justice than that of one.    For this reason, among others, it may have been that the legislature thought it wise to provide (G. L., c. 204, s. 2) that the committee shall consist of "three or five suitable persons" instead of one.    But if the judge of probate is to review the committee's action upon the merits, and determine the equality and justice of the division, a committee of one would be as serviceable as one composed of a greater number.    The fact that the judge cannot himself make the division,—that his authority is limited to the acceptance or rejection of the report of the committee,— seems of itself conclusive that the legislature did not intend that he should review or consider the merits of the division; otherwise the duty of making it would probably have been committed to him in the first instance.

The doctrine advanced in *Morrill* v. *Morrill* is an anomaly in the law: no other instance of the kind is to be found in our practice, although there are many cases of much similar proceedings. The report of the commissioners laying out highways may be recommitted or rejected by the court (G. L., c. 69, s. 7); but it has always been held that "the court has no power to revise the doings of the commissioners for the purpose of ascertaining whether they have judged wisely and correctly, nor for any purpose but to see that their proceedings have been regular, and that fraud or surprise has not been used to vitiate their results." *Hampstead's Petition*, 19 N. H. 347; *Crosby* v. *Hanover*, 36 N. H. 404; *Marlborough's Petition*, 46 N. H. 495.    So, also, in the case of referees, under the act of December 16, 1796 (*Farwell's Petition*, 2 N. H. 123, 125); under a rule of court (*Greenough* v. *Rolfe*, 4 N. H. 357, *Carey* v. *Wilcox*, 6 N. H. 177, *Bassett* v. *Harkness*, 9 N. H. 164, *Johnson* v. *Noble*, 13 N. H. 286, *Hale* v. *Handy*, 26 N. H. 215); under Gen. Laws, c. 199, s. 17 (*Piper* v. *Clark*, 18 N. H. 415, *McLaughlin* v. *Newton*, 53 N. H. 531); or under the statutes of July 10, 1874, July 3, 1875, and July 20, 1876 (*Cummings* v. *Centre Harbor*, 57 N. H. 17, *Free* v. *Buckingham*, 59 N. H. 219); in the case of an auditor (*Bellows* v. *Woods*, 18 N. H. 305); of arbitrators (*Rand* v. *Redington*, 13 N. H. 72); of fence-viewers (*Fairbanks* v. *Childs*, 44 N. H. 462).    In all these cases, and in many others of a like character, no inquiry into the proceedings can be made further than is necessary to ascertain whether they have been regular, and without fraud or its equivalent: no evidence can be received to show

merely that the findings of fact are erroneous. If it were other-
wise, there would be no end to litigation. The verdict of a jury is
never set aside for the mere reason that they have reached a wrong
conclusion. *Clark* v. *Society*, 45 N. H. 331. Verdicts of juries, re-
ports of referees, committees, or other officers appointed by law to
determine controversies, are governed by the same general rule.
They cannot be set aside or rejected merely because the revisory
tribunal might or would have come to a different conclusion upon
the facts. The proceedings, being regular, and without error in
law, will not be set aside unless the court can see that the triers,
whether a jury or other tribunal, in coming to their result, "were
influenced by passion, prejudice, partiality, or corruption, or unwit-
tingly fell into a plain mistake." *Fuller* v. *Bailey*, 58 N. H. 71;
*Free* v. *Buckingham, supra.* To this general rule, the report of a
committee to assign homestead and dower, or to make any other
partition, forms no exception, and *Morrill* v. *Morrill* is overruled.
Nothing is alleged in the reasons of appeal, except that the com-
mittee erred in its finding of facts : there is no charge of prejudice,
partiality, or other misconduct.

*Petition dismissed.*

All concurred.