EASTMAN, *Ap't, v.* BARNES.

In an appeal from the decree of the probate court accepting the report of a committee of partition, the proceedings being regular, it is not sufficient to allege that the committee erred in its findings of fact, but fraud or its equivalent must be charged.

APPEAL, from a decree of the probate court, accepting the report of the committee appointed to make partition between the parties of certain parcels of real estate. Among others, the following reasons of appeal were assigned:

2. Because the values of said parcels were not taken into account in making said partition.

3. Because said partition was unjust and unequal.

4. Because the partition made did not give this appellant one half of the value or property attempted to be partitioned.

5. Because said committee acted solely in the interest of the appellee in making said partition.

6. Because said parcels, the tannery, water-power, and appurtenances, which were appraised by the same men as appraised the estate of Charles H. Eastman, October 21, 1879, at $6,333, were set off or left to said appellee at $2,300, as she is informed.

7. Because a pasture and field, which were a valuable and necessary appurtenant to said homestead, were severed therefrom by said partition and given to said appellee, which diminished the value of said homestead to a much greater extent than its value apart therefrom, and thus left said homestead with tillage land without any pasture land, whereby said tillage land is rendered comparatively valueless.

8. Because said committee was composed of men unqualified to judge of the values of such parcels of real estate, and unacquainted with the respective values thereof for the purposes to which they are adapted, and their estimates were grossly erroneous.

9. Because said committee, if they undertook to consider the valuation of the parcels to be partitioned, were greatly mistaken or greatly deceived as to the values thereof.

11. Because the same men who composed said committee were the appraisers upon the estate of Charles H. Eastman and of each and all said parcels of real estate, and as such appraisers, on the 21st of October, 1879, under oath appraised them all of the value of $17,124, and of which the parcels set off to this appellant were valued at said appraisal at the sum of $6,800, and the parcels left to said appellee were valued at said appraisal at the sum of $10,274.

The appellee moved to dismiss the appeal.

*I. Colby,* for the appellee.

*Ray, Drew & Jordan*, for the appellant.

BLODGETT, J.   The right of appeal from the decree of the judge of probate accepting the report of the committee of partition being expressly given by statute (G. L., c. 207, s. 1), the motion to dismiss the appeal only raises the question of the sufficiency of the reasons assigned, which must show error in the decree sufficient to entitle the appellant to a reversal.   *Waldron* v. *Woodman*, 58 N. H. 15.

Whether or not the objections set forth in this appeal are founded in fact is not for us to determine: the only question here is, whether, if proved, they would entitle the appellant to a reversal of the decree.   To have this effect, it is not sufficient to allege that the committee erred in their finding of facts so that the division made by them is unequal or unjust, or unsuitable or inconvenient: fraud or its equivalent must be charged.   *Doughty* v. *Little*, 61 N. H. 365, 368, 369.   Their proceedings, being regular, cannot be set aside unless they " were influenced by passion, prejudice, partiality, or corruption, or unwittingly fell into a plain mistake."   *Fuller* v. *Bailey*, 58 N. H. 71; *Free* v. *Buckingham*, 59 N. H. 219.

Applying this rule to the reasons assigned by the appellant, we think the appeal comes within it.   While fraud is not specifically charged against the committee, partiality and plain mistakes are charged against them, which resulted in injustice to the appellant, and which, if proved, entitle her to have the report set aside.

The facts will be found at the trial term.

*Motion denied.*

All concurred.