[Strafford, June, 1886.]

BERRY v. YOUNG.

CASE, for damage caused by the defendant's negligence in the use and management of Atlas powder. Verdict for the plaintiff. Exceptions, and motion of the defendant to set aside the verdict for concealed disqualification of a juror and misconduct of the jury. The motion was to be tried by the presiding justice.

*Worcester & Gafney*, for the defendant.

*Burleigh & Russell*, for the plaintiff, cited Morrison's Digest, title Evidence Excluded by Public Policy; *Com.* v. *Roby*, 12 Pick. 496; *Woodward* v. *Leavitt*, 107 Mass. 453; *Rowe* v. *Canney*, 139 Mass. 41; *State* v. *Pike*, 65 Me. 117; *Greeley* v. *Mansur*, 64 Me. 213; *Griffin* v. *Auburn*, 59 N. H. 286; *Ins. Co.* v. *Clark*, 59 N. H. 345; *State* v. *Hascall*, 6 N. H. 352; *McIlvaine* v. *Wilkins*, 12 N. H. 474; *State* v. *Ayer*, 23 N. H. 320; *Johnson* v. *Witt*, 138 Mass. 79; *M'Corkle* v. *Binns*, 5 Binn. 340.

DOE, C. J. At the December term, 1885, it was decided that the case presented no open question of law, the exceptions were overruled, and the motion was continued for trial. At this term the questions of fact raised by the motion having been tried and decided against the defendant, the order was

*Judgment on the verdict.*

BINGHAM, J., did not sit: the others concurred.