GAGE, *Ap't,* v. GAGE.

The report of a committee appointed by the probate court to make partition of land will be set aside where it appears that the committee unwittingly fell into a plain legal mistake in conducting their investigation of the case, whereby injustice was done to one of the parties.

It is such a mistake for the committee, without the knowledge or consent of the parties, to employ a person skilled in the valuation of timber lands to go with them upon such land to be divided, and in the absence of parties give them his estimates of its value.

APPEAL from a decree of the probate court accepting the report of a committee appointed to make partition of land owned in common by the parties in equal shares. Facts found by the court.

The committee, without any fraud or corruption, but by mistake, made an unequal division of the estate, and set off to the appellee a portion of much greater value than to the appellant. One of the reasons of appeal stated was,—"Because said committee, mistaking the law that should govern in such cases, took views of the premises, and heard evidence, suggestions, and arguments bearing upon the question before them, in the absence of the appellant, in consequence of which the inequality and error aforesaid arose."

*Chase & Streeter* and *D. Barnard*, for the plaintiff.

*W. G. Buxton* and *Bingham, Mitchell & Fletcher*, for the defendant.

BLODGETT, J. While some of the objections to the report of the committee of partition have no validity, and others might be obviated by a recommitment, there is one at least which is fatal. It appears that among the lands subject to partition there was a tract of timber land, and that the committee, without the knowledge or consent of the plaintiff, employed one Barnard to examine the timber and give them his estimate of the quality and value; that he went with them upon the land (no others being present excepting that the plaintiff and his son saw them there, but not knowing the purpose for which Barnard was present), and after a careful examination gave them his estimates in the absence of the parties, and at a time of hearing of which neither party had notice, and that to some extent the estimates so made and received in evidence influenced the committee in the unequal division of the estate between the parties which is found to exist.

In the face of these facts it is useless to go further in this case. The proceedings detailed were manifestly irregular and erroneous in law. The committee, without fraud or corruption, unwittingly fell into a plain mistake, whereby injustice was done. For this mistake and injustice the report was properly set aside at the trial term. It was the only adequate remedy.

*Exceptions overruled.*

ALLEN, J., did not sit : the others concurred.