## LUCIER v. LAROSE.

To justify the setting aside of a verdict as excessive or as against the evidence, it should appear that the jury were influenced by prejudice, passion, partiality, or corruption, or unwittingly fell into a plain mistake.

Whether a verdict should be set aside on the ground of excessive damages, or as against the evidence, is a question of fact for the trial term.

ASSUMPSIT. The jury returned a verdict for an amount larger, in the opinion of the court, than should have been awarded. The defendant moved to set aside the verdict as excessive and as against the weight of evidence. The motion was denied, and the defendant excepted. The defendant also moved to set aside the verdict because all the evidence had not been heard by the jury, and in support of the motion offered the affidavit of a juror that "on account of the noise in the street and the echo in the hall" he had failed to catch all the words of the witnesses. The court declined to consider the affidavit and denied the motion, and the defendant excepted.

*Geo. B. French*, for the plaintiff.

*H. B. Atherton*, for the defendant.

BINGHAM, J. The verdict, in the opinion of the court, was too large, but it denied the defendant's motion to set it aside, either as excessive or as against the evidence. To justify the setting aside of a verdict for either of the causes assigned, it should

appear that the jury were influenced by prejudice, passion, partiality, or corruption, or unwittingly fell into a plain mistake. *Fuller* v. *Bailey*, 58 N. H. 71; *Hovey* v. *Brown*, 59 N. H. 114, 116.

The question whether a verdict should be set aside on the ground of excessive damages, or as against the evidence, is one of fact, to be decided at the trial term. *Hovey* v. *Brown, supra; Little* v. *Upham,* 64 N. H. 279. The only fact found at the trial term is, that in the opinion of the court the verdict is for a larger amount than should have been awarded. This is a finding that the court, on the evidence, would have assessed the damages at a less sum than the jury did. A verdict is not to be disturbed merely because the court might have decided differently. On the contrary, where presumptions are to be raised, inferences drawn, and conflicting evidence weighed, including the credibility and intelligence of witnesses, a verdict will not be set aside unless it is so decidedly against the weight of evidence as to make it apparent that the jury must have been misled or were guilty of misconduct. *Clark* v. *Society*, 45 N. H. 331, 333; *Belknap* v. *Railroad*, 49 N. H 358, 371.

The motion to set aside the verdict " because all the evidence had not been heard by the jury " was properly denied. Whether the allegation in the motion was proved was a question of fact for the trial term. The testimony of jurors is not admissible to impeach their verdict. *Griffin* v. *Auburn*, 59 N. H. 286; *Berry* v. *Young*, 64 N. H. 610.

*Exceptions overruled.*

BLODGETT, J., did not sit: the others concurred.