Carroll,
June, 1894.

### HARMON, *Adm'r, v.* HAINES & *a.*, *Ap'ts.*

An appeal lies from the decree of a judge of probate accepting or rejecting the report of a referee upon the claim of an administrator against the estate.

PROBATE APPEAL. The plaintiff, administrator of his deceased wife's estate, settled as insolvent, had a claim against the estate which was contested by the defendants, her heirs at law. The parties not agreeing that the judge of probate should decide the question, he referred it to a referee, who reported in favor of the plaintiff. The judge denied the defendants' motion to recommit, and accepted the report. The defendants appealed. The plaintiff's motion to dismiss the appeal was granted *pro forma*, subject to the defendants' exception.

*Josiah H. Hobbs,* for the plaintiff.

*Arthur L. Foote* and *Frank Weeks,* for the defendants.

CHASE, J. Prior to the revision of the probate laws in 1822 (Laws 1822, *cc.* 27-34; Laws, *ed.* 1830, *pp.* 331-375), there was no statute of general application authorizing appeals from a judge of probate, but appeals were allowed in certain cases by statutes particularly referring to them. Laws, *ed.* 1815, *p.* 202, *s.* 15; *p.* 206, *s.* 3; *p.* 213, *s.* 20; *p.* 217, *s.* 2; *p.* 223, *s.* 4; *p.* 228, *s.* 4; Laws 1820, *c.* 21, *s.* 9. The act relating to the settlement of insolvent estates provided, among other things, for the appointment of commissioners to allow the claims of creditors and for an appeal from their decision. Laws, *ed.* 1815, *p.* 218. After setting forth the method of claiming and prosecuting an appeal, it provided that "the creditor and executor, or administrator may agree before the judge of probate to submit any dispute between them to referees, in which case their report being returned to the said judge, and accepted by him, shall be final between the parties." *Ib., s.* 3. It contained no provision for

an appeal from such acceptance. Accordingly, it was held in *Bond* v. *Dunbar*, 2 N. H. 216, that no right to an appeal existed.

In the revision, the provisions for appeals in particular cases were omitted and the following general provision was introduced : " Any person or party aggrieved by any decree, sentence, appointment, order, grant, or denial of any judge of probate, which, if not appealed from, might conclude the interest of such person or party, or which is not strictly interlocutory, may appeal therefrom," etc. Laws 1822, *c.* 33, *s.* 1; Laws, *ed.* 1830, *p.* 373, *s.* 1. The provision for the allowance of the claims of administrators against the estates settled by them as insolvent, was as follows : " The commissioners on such estate shall take no cognizance of any claim or demand in favor of the executor or administrator thereof against the deceased; but in all such cases, in the citation to the heirs and creditors to hear the account of such executor or administrator, notice shall be particularly given of the claim or demand against the estate, which the executor or administrator wishes to have allowed to him, and if at the time of rendering the account no heir or creditor appear to contest the said claim, the judge of probate may examine the same and allow such sum as to him appears legal, and the same shall be placed by him on the list of claims; or the judge may, and if any heir or creditor appear to contest the claim, he shall, unless the parties agree in writing to have him decide upon it, refer the same to one or more referees, whose report, when accepted by the judge, shall be final in the case." Laws 1822, *c.* 29, *s.* 4; Laws, *ed.* 1830, *p.* 362, *s.* 4. No change in the substance of these statutes has been made since that time. P. S., *c.* 200, *s.* 1; *c.* 192, *ss.* 17, 18.

*Sawyer* v. *Copp*, 6 N. H. 42, decided in 1832, was an appeal by heirs or creditors from the decree of a judge of probate, allowing a private claim of the executor against the deceased, no person appearing before the judge to contest the claim. The executor moved to dismiss the appeal, on the ground that no appeal was given by law, and that the statute made the decision of the judge final. In denying the motion the court say that, upon adverting to the statute authorizing appeals, " we find it enacted, in the broadest terms, that ' any person or party aggrieved by any decree . . . may appeal therefrom.' The decree from which this appeal has been taken, is within the words, and we see nothing that leads us to doubt that it is within the true intent and meaning of this provision in the statute."

*Abbe* v. *Norcott*, 8 N. H. 51, was an appeal by an heir or creditor from the decree of a judge of probate accepting the report of a referee allowing the private claim of the administrator against the deceased. It was held that the notice of the claim in the citation for the settlement of the administrator's account

was not sufficiently full and explicit, and that the award was defective because the referee had given no notice of the hearing before him. In the course of the opinion, *Parker*, C. J., says: "Had the judge examined and decided himself, an appeal might have been taken from his decision at any time within sixty days. . . . And upon such appeal a hearing might be had upon the merits. But upon an appeal from a decree accepting the report of a referee, we can only enquire into the regularity of the proceedings, for if regular the statute makes the report final." The decree of the judge of probate was reversed.

*Piper* v. *Clark*, 18 N. H. 415, was an appeal by the administratrix from a decree of the judge of probate disallowing her private claim against the deceased. The administratrix and heirs agreed in writing to submit the claim, together with an offset, to the determination of the judge of probate. The award was in favor of the estate. The reason alleged for the appeal was that the debt was due the administratrix as claimed by her. The heirs moved to dismiss, because the law gave no appeal for such reason. In the course of the opinion sustaining the motion it is said: "When the claim is committed to the determination of referees, their report is made final, in express terms, and it could not have been intended that the decision should be less so, when the parties agree that the judge shall decide the controversy. He acts as a referee in such case by agreement. The case is not, therefore, within the general provision for appeals from all the decrees, etc., of the judge of probate." Bearing in mind that this language relates to an appeal grounded upon alleged error in the decree arising from a consideration of the merits of the claim, and not from an irregularity in the procedure, the language is not inconsistent with that of the same judge in *Abbe* v. *Norcott*, just quoted. *McLaughlin* v. *Newton*, 53 N. H. 531, is to the same effect.

In the statute relating to the assignment of the widow's dower in her deceased husband's real estate and the division of the real estate among the heirs, it is provided that "the written report of the committee [to assign dower, etc.] being accepted by the judge, upon due notice, shall be final and conclusive upon all parties." P. S., c. 197, s. 3. A party aggrieved by a decree accepting a committee's report is not deprived by this statute of the right of appeal granted by the general statute of appeals. But such appeal does not necessarily open the controversy for a new trial upon its merits. The findings of the committee upon questions of fact "cannot be set aside or rejected merely because the revisory tribunal might or would have come to a different conclusion." In accordance with the general rule, applicable alike to the findings of juries, referees, committees, and other tribunals created by law to determine questions of fact, the findings will not be set aside if the proceedings were

regular and without error in law, unless "the court can see that the triers, whether a jury or other tribunal, in coming to their result, 'were influenced by passion, prejudice, partiality or corruption, or unwittingly fell into a plain mistake.'" *Doughty* v. *Little*, 61 N. H. 365; *Eastman* v. *Barnes*, 62 N. H. 630. In *Gage* v. *Gage*, 64 N. H. 543, the report of a committee was set aside upon appeal because they received evidence in the absence of the parties and at a hearing of which the parties had no notice.

The language of the statute under consideration is so plain that it seems impossible to mistake the legislative intent. Before the report of referees becomes final it must be "accepted by the judge." P. S., c. 192, s. 18. Authority to accept necessarily implies authority to reject. This does not include authority to review questions of fact tried before the referees, for the statute makes their decision of such questions final, if they conduct themselves fairly and according to law. The judge of probate, and this court upon appeal, have authority to try questions relating to the regularity and good faith of the trial before the referees, and to accept or reject their report according to their finding on those questions. In the present instance the case does not disclose the reasons of appeal, and the question whether they are sufficient, if established, to sustain the appeal is not raised.

*Exception sustained.*

BLODGETT, J., did not sit: the others concurred.