Belknap, }
June, 1897. }

ABBOTT *v.* CONCORD & MONTREAL RAILROAD.

A nonsuit will not be ordered when the plaintiff's evidence is sufficient to justify a finding in his favor, nor will a verdict be directed for the defendant when conflicting evidence upon material questions must be weighed.

Whether a verdict should be set aside as against the evidence, is a question of fact determinable at the trial term.

CASE, for injuries received by the plaintiff through the alleged negligence of the defendants' employee, one Woodlawn, in loading trunks upon a truck at the steamer landing at Weirs. The plaintiff was in the employ of one Blackstone, master and owner of a steamer plying upon Lake Winnipiseogee, as purser or clerk, express agent, and baggage master. The wharf upon which the baggage was landed was at a distance from the platform where the baggage was loaded upon the cars. It was the custom of the employees of the steamer and railroad, acting together, to transport the baggage to the cars by means of trucks, and it was a part of Woodlawn's duty to assist in so doing. Upon the day of the accident, while the plaintiff was walking backward dragging a trunk from the steamer to the wharf, two trunks fell from the forward end of a truck and injured him.

The only question submitted to the jury was whether the plaintiff's injury was caused by the negligence of Woodlawn. The plaintiff rested after he and Woodlawn had testified. The defendants' motions for a nonsuit and that a verdict be directed for them were denied, subject to exception. The jury returned a general verdict for the plaintiff and a special verdict in which they found that the plaintiff's injury was caused by the negligence of Woodlawn. The defendants' motion to set aside the verdict as against the weight of the evidence was denied, subject to exception. All further facts necessary for a consideration of the questions raised appear in the opinion.

*Edwin H. Shannon*, for the plaintiff.

*Jewett & Plummer*, *E. A. & C. B. Hibbard*, *Frank S. Streeter*, and *Joseph W. Fellows*, for the defendants.

PIKE, J. In order that the plaintiff should prevail it was necessary for him to prove that his injury was caused by the negligence of the defendants' servant.

The plaintiff's evidence tended to prove that the trunks were hurriedly loaded and that so many were placed upon the forward end of the truck as to cause it to tip and throw those last loaded upon the plaintiff; and that just before the accident Woodlawn was loading trunks upon that end. Conceding the truth of this evidence (*Bullard* v. *Railroad*, 64 N. H. 27, 30), the jury could properly find that the plaintiff's injury was caused by the negligence of Woodlawn, and the motion for a nonsuit was properly denied.

The defendants' evidence tended to prove that it was not Woodlawn who loaded the trunks upon the forward end of the truck, but two of the plaintiff's fellow servants. The evidence upon this point was conflicting and required to be weighed. The duty of weighing it belonged to the jury (*Lucier* v. *Larose*, 66 N. H. 141), and the motion to direct a verdict for the defendants was properly denied.

The question whether the verdict should be set aside as against the weight of the evidence was for the trial judge. *Fuller* v. *Bailey*, 58 N. H. 71; *Merrill* v. *Perkins*, 61 N. H. 262; *Little* v. *Upham*, 64 N. H. 279. The exception to his decision raises no question of law, if there was evidence to justify it. The result on the motions for a nonsuit and to direct a verdict shows that there was such evidence.

*Exceptions overruled : judgment for the plaintiff.*

PARSONS, J., did not sit : the others concurred.