Hillsborough, }
  Dec., 1899. }

### GALLAGHER *v.* MANCHESTER STREET RAILWAY.

A nonsuit will not be ordered in an action for negligence when the evidence
warrants a finding that at the time of the accident the plaintiff could not,
and the defendant could, have prevented the injury by the exercise of ordi-
nary care.

CASE, for negligence. Trial by jury and verdict for the plain-
tiff. The plaintiff's evidence tended to prove the following facts:
The Candia road runs east and west, and the defendants' tracks
are upon the southerly side, next to its junction with the Lake
Shore road. The east-bound cars run upon the southerly track,
and the west-bound cars upon the northerly track. There is no
obstruction to the view of the southerly track from the Candia
road, except such as may be caused by cars upon the northerly
track. The plaintiff drove easterly upon the Candia road and
turned to go upon the Lake Shore road. He waited for two west-
bound cars to pass, then looked in both directions, and when the
last car was about twenty feet beyond the crossing, seeing no cars
approaching, he attempted to cross the tracks. When he started
he could see about sixty feet up the south track. When he got
part way across, he saw, about eighty feet distant, a car approach-
ing from the west, at a high rate of speed. He attempted to turn
back and nearly succeeded in doing so, but the running board of
the car caught the off hind wheel of his wagon, and he was thrown
out and injured. The motorman made no attempt to stop until
within fifty or sixty feet of the crossing, and not until he had been
warned to do so by the bystanders. He then applied the brake,
but did not reverse the power. The car might have been stopped
much sooner than it was. The defendants' evidence tended to
contradict the plaintiff's. The defendants' motion for a nonsuit
and that a verdict be directed for them were denied, subject to
exception.

*Burnham, Brown & Warren,* for the plaintiff.

*Oliver E. Branch* and *Cyrus H. Little,* for the defendants.

PIKE, J. Conceding the truth of the plaintiff's evidence (*Bul-
lard v. Railroad,* 64 N. H. 27, 30), the jury could properly find
that he was in the exercise of ordinary care when he attempted to
cross the tracks. But even if they could not, the plaintiff would
not be prevented from recovering. "If due care on the part of

either at the time of the injury would prevent it, the antecedent negligence of one or both parties is immaterial, except it may be as one of the circumstances by which the requisite measure of care is to be determined. . . . To warrant a recovery, the plaintiff must establish . . . that by ordinary care he could not, and the defendant could, have prevented the injury." *Nashua Iron and Steel Co.* v. *Railroad,* 62 N. H. 159, 164; *State* v. *Railroad,* 52 N. H. 528; *Felch* v. *Railroad,* 66 N. H. 318; *Edgerly* v. *Railroad,* 67 N. H. 312. It appeared that the plaintiff had got part way over the tracks when he saw the car approaching from the west. Being then for the first time aware of his danger, he attempted to turn back, but before he had done so his wagon was struck by the car and his injury resulted. Certainly the jury might reasonably find that after he realized his situation he acted with due care to avoid the injury. *Folsom* v. *Railroad,* 68 N. H. 454, 460. It could fairly be inferred that the motorman saw the plaintiff as soon as the plaintiff saw the approaching car. This was when they were about eighty feet apart. But the motorman did not attempt to stop the car until it was within fifty or sixty feet of the plaintiff. He might have stopped it much sooner than he did, but he relied upon his brake and did not reverse the power. From this evidence it might reasonably be inferred that the plaintiff's injury was due to the defendants' negligence.

The defendants' evidence was but a contradiction of the plaintiff's, and the case was properly submitted to the jury. *Abbott* v. *Railroad,* 69 N. H. 176, 177.

*Exceptions overruled.*

PEASLEE, J., did not sit: the others concurred.