Merrimack, }
Dec. 4, 1902. }

### STEVENS, *Ap't,* v.   STEVENS.

A probate appeal, setting forth the rejection and disallowance of the report of a committee appointed to set off dower and homestead, does not state a reason of appeal, within the meaning of section 2, chapter 200, of the Public Statutes.

PROBATE APPEAL, from a decree disallowing the report of a committee to set off dower and homestead.   Trial before *Peaslee,* J., who transferred the case from the April term, 1902, of the superior court.

The reason assigned in the appeal was " the rejection and disallowance of said report."   The defendant moved to dismiss because no reason for the appeal was stated, and excepted to a denial of the motion.

The committee made the set-off upon the basis that the homestead was to be a life estate of the value of $500, and dower was to be assigned in one third in value of the property, without regard

to its yielding an income. The plaintiff excepted to the testimony of the committee showing these facts. They testified without ob-·· jection that the value of the fee of what was set off for the homestead was not over $500, and that the income of what they set off as the widow's dower was not more than one third of that of the whole property. The plaintiff then claimed that this was an answer to the objection that the committee had erroneously construed the law, and excepted to a ruling declining to consider the question of value upon this branch of the case. After a hearing, the appeal was dismissed, subject to the plaintiff's exception.

*George R. Brown* and *Martin & Howe*, for the plaintiff.

*Streeter & Hollis*, for the defendant.

BINGHAM, J. The judge of probate has express authority to accept the report of a committee appointed to set off dower and homestead, and implied authority to reject it. P. S., c. 197, s. 3; *Harmon v. Haines*, 68 N. H. 28, 29, 31. Upon the return of the report it is within his province to determine (1) whether the proceedings of the committee were regular or irregular, and (2) whether in their findings of fact they acted in good faith or otherwise. His decree accepting or rejecting the report is not final; the right of appeal in both cases is given by statute. P. S., c. 200, ss. 1, 2; *Eastman v. Barnes*, 62 N. H. 630, 631. If he decrees an acceptance of the report, and, upon an appeal assigning correctionable error, it is made to appear that the proceedings of the committee were irregular, or that in their findings of fact they were " influenced by passion, prejudice, partiality, or corruption, or unwittingly fell into a plain mistake," the appellate court may reverse it. If, on the other hand, he decrees that it be rejected, and, upon a proper appeal being taken, it appears that the proceedings were regular and that the committee in their findings of fact were not influenced or mistaken as above stated, the appellate court may likewise reverse the decree. The judge of probate and the appellate court have authority to try the same questions. *Harmon v. Haines, supra; Eastman v. Barnes, supra.*

The appeal must be in writing, setting forth the reasons of appeal (P. S., c. 200, s. 2), and the appellant is restricted to the matters specified therein. " At his instance, no grievances except such as he has assigned will be considered." *Simmons v. Goodell*, 63 N. H. 458, 460.

The appellee's motion to dismiss presents the question, whether the appeal states a reason disclosing error in the decree of the probate judge, sufficient to entitle the appellant to have it reversed.

*Eastman* v. *Barnes, supra.* The purpose of the statute, requiring the appellant to state in his appeal the reasons wherein the probate judge erred in accepting or rejecting the report, is to enable the appellate court to see the ground on which he bases his claim for relief. It is the statement of his cause of complaint. The error assigned in this appeal — the rejection and disallowance of the report — is but a recital of the decree made by the probate judge. It is not the assignment of a reason wherein the decree is erroneous, and presents no ground for an investigation, in the appellate court, of questions over which, upon a proper application, it could entertain jurisdiction. No reason for the appeal being stated, the refusal to grant the motion of the appellee was error; but as it appears that after a trial of the facts in the superior court the appeal was dismissed, that order presents no error of law. No other question is considered.

*Case discharged.*

All concurred.