Merrimack, }
April 4, 1905. }

## LARONDE v. BOSTON & MAINE RAILROAD.

Certain evidence deemed sufficient to warrant a finding that the motorman of an electric car was guilty of negligence in failing to seasonably discover the presence of a horse upon the tracks and avoid collision with the animal.

In an action against a street railway company for negligently running upon a horse, the fact that the animal was wrongfully in the highway at the time of collision does not relieve the defendants from responsibility, if ordinary care on the part of their servants would have prevented the injury.

CASE, for negligently running against and killing the plaintiff's horse.  Trial by jury.  The defendants' motions, made at the close of the plaintiff's evidence, for orders directing a nonsuit and a verdict in their favor, were denied subject to exception.  The case was then taken from the jury with an agreement that, if there was sufficient evidence to warrant its submission to the jury, the plaintiff should have judgment for $150 and costs; if not, the defendants should have judgment.  Transferred from the October term, 1904, of the superior court by Wallace, C. J.

The plaintiff's evidence tended to prove the following facts: The defendants' Concord & Manchester street railway branch runs in a northerly and southerly direction through Main street in the village of Suncook.  Cross street enters Main street from the west.  The railway track is straight for a distance of 580 feet northerly of the intersection, and a person can see from a point that distance away to Cross street in a clear day.  The plaintiff, who is a grocer, has a stable on Cross street, fifty to seventy feet distant from Main street, and his place of business is on Main street northerly of Cross street.  At six o'clock in the morning of

December 18, 1903, his servant hitched the horse in question into a grocery wagon and left the team unattended while he harnessed another horse. The horse started and walked to Main street, and there turned northerly and walked on or near the defendants' railway track about 100 feet, when one of the defendants' electric cars, then due at that place upon a regular trip in a southerly direction, and going at its usual speed of about fifteen miles an hour, ran against and killed the horse. The servant saw the horse as he turned the corner into Main street, and another witness saw him turn the corner and observed the approaching car, then 300 to 400 feet distant. It was fairly light, but not full daylight. Two witnesses testified that it was a clear morning, and one, who was upon the car, that there was a fog so dense that a person could see only thirty feet in front of the car. The headlight of the car was lighted, but the arc lights were not. If the latter had been lighted, the motorman might have seen a short distance farther. The car could be stopped in going twenty or thirty feet.

*Almon F. Burbank*, for the plaintiff.

*John M. Mitchell*, for the defendants.

CHASE, J. The negligence with which the plaintiff charges the defendants is the failure of their motorman seasonably to discover the perilous position of the horse, and stop the car. It cannot be doubted that the evidence was sufficient to sustain a finding of such negligence. It was the duty of the motorman to keep watch of the track ahead of his car to avoid collisions with objects that might be upon the track, whether rightfully or wrongfully. The law imposed the duty upon him for the safety of persons both upon the highway and upon the car. Indeed, his own safety depended upon its faithful performance. If the light was dim and the weather was foggy, greater watchfulness and care would be needed to bring his conduct up to the standard of ordinary care, than if it was light and clear. At the time of the collision the car was passing over a straight piece of track, 580 feet long, the whole length of which the motorman could see from the moment of entering upon it if the light was sufficiently strong and the weather was clear. The testimony regarding the weather was conflicting, but it is sufficient for the present purpose that the jury might properly have found that it was clear. Besides the direct evidence that it was clear, there was the testimony of a witness that he saw the horse as he turned into Main street, and at the same time saw the car approaching 300 or 400 feet away.

But if the jury found that the weather was densely foggy, they might reasonably find, also, that so large an object as a horse hitched to a grocery wagon could be seen when at a distance from the car sufficient to enable the motorman to stop the car before colliding with the team; or if not, that it was negligence to run a car in a village highway in such weather at a speed of fifteen miles an hour.

If, as the defendants say, the horse was wrongfully in the highway, the fact would not relieve them from responsibility for the injury in case it was caused by their negligence. In that event, their wrong would consist of negligently injuring the plaintiff's horse while carelessly exposed to danger and the plaintiff was not present. The law would not justify the defendants injuring the horse under such circumstances by their negligent acts, any more than it would if their acts were intentional. The only question would be whether they could have prevented the injury by an exercise of ordinary care. If they could, their negligence would be, in law, the sole cause of the injury. "He who cannot prevent an injury negligently inflicted upon . . . his property by an intelligent agent, 'present and acting at the time,' . . . is legally without fault, and it is immaterial whether his inability results from his absence, previous negligence, or other cause." *Nashua Iron and Steel Co.* v. *Railroad*, 62 N. H. 159, 163; *Felch* v. *Railroad*, 66 N. H. 318; *Edgerly* v. *Railroad*, 67 N. H. 312; *Mitchell* v. *Railroad*, 68 N. H. 96; *Gallagher* v. *Railway*, 70 N. H. 212; *Parkinson* v. *Railway*, 71 N. H. 28; *Carney* v. *Railway*, 72 N. H. 364, 370.

*Exceptions overruled: judgment for the plaintiff for $150 and costs.*

All concurred.