Hillsborough, }
Oct. 3, 1916. }

## JAMES FLAHERTY v. MANCHESTER STREET RAILWAY.

The finding of the trial court, that a verdict was so manifestly against the evidence as to indicate that the jury fell into a plain mistake, and an order thereupon setting their verdict aside, cannot be disturbed if there was evidence to justify the finding.

CASE, for personal injuries. Trial by jury and verdict for the defendant. After the case had been submitted to the jury and had been for some time under their consideration, the court gave them further instructions, and directed them to answer the following questions: "Was the plaintiff guilty of any negligence contributing to his accident?" "Was the defendant (by its servants) guilty of any negligence which contributed to the accident?" The jury answered both questions in the affirmative, and under the direction of the court, the foreman signed a verdict for the defendant. The plaintiff made a motion to set the verdict aside. After a hearing, without further evidence, the court found that "the verdict of the jury on the issue of the plaintiff's due care was so manifestly against the evidence as to indicate that they fell into a plain mistake," and ordered the verdict set aside.

To this finding and order the defendant excepted. A bill of exceptions was allowed by Sawyer, J. at the September term, 1915, of the superior court. The evidence as to the plaintiff's conduct is sufficiently stated in the opinion.

Hollis & Murchie (Mr. Alexander Murchie orally), for the plaintiff.

Jones, Warren, Wilson & Manning (Mr. Manning orally), for the defendant.

PLUMMER, J. Whether a verdict should be set aside as against the weight of evidence is for the trial judge. Fuller v. Bailey, 58 N. H. 71; Hovey v. Brown, 59 N. H. 114; Merrill v. Perkins, 61 N. H. 262; Little v. Upham, 64 N. H. 279; Lucier v. Larose, 66 N. H. 141; Abbott v. Railroad, 69 N. H. 176; Pitman v. Mauran, 69 N. H. 230. This court has never been disposed to disturb a decision of the trial court in this class of cases. Doe, C. J. in Fuller v. Bailey, supra, said: "The question, whether a verdict is against the evidence, is one which the court at the trial term would not

ordinarily reserve, and which the court at the law term would generally refuse to consider if it were reserved." As was said in *Burnham* v. *Butler,* 58 N. H. 568, "in his knowledge of the trial, the presiding justice has better means of deciding the question of fact than others can have who were not at the trial." The finding of the court that the verdict was so manifestly against the evidence as to indicate that the jury fell into a plain mistake, and the order setting the verdict aside, cannot be disturbed, if there was evidence to justify the finding. *Abbott* v. *Railroad, supra.*

The evidence disclosed that the plaintiff at the time of the accident was a passenger in defendant's electric car. The car was crowded, and there was no seat for him, so he stood in the aisle, with his left hand on the top of a seat, talking to two lady companions who were sitting in a seat beside him. There were no straps for him to take hold of. While the plaintiff was in this position, the car split a switch, throwing the two rear trucks off the track. The shock threw the plaintiff across the laps of his companions, and onto the floor. The evidence is conflicting as to the speed of the car, one witness said five, six or seven miles an hour, and the plaintiff fifteen to twenty miles. At whatever speed the car was running when it split the switch, the evidence is that the shock was sufficient to break glass in the car, and to throw a passenger through a window in the rear vestibule. It is not apparent in what respect the plaintiff was negligent at the time of the accident. He was standing in the aisle of the car because there was no seat for him. He could not steady himself by holding on to straps, for no straps were provided for that purpose. The only thing that he could do was to take hold of the top of a seat, and this he said he did, and his testimony as to this was uncontradicted. Neither was his testimony improbable as the defendant argues. It seems probable that a shock sufficient to break glass in an electric car, and throw a person through a vestibule window, might throw a standing passenger onto the floor, even if he were taking hold of the top of a seat when the accident occurred. There was evidence to justify the finding of the trial court.

*Exception overruled.*

All concurred.