Hillsborough, }
Feb. 5, 1924. }

### PAUL O. SCHOOLCRAFT *v.* MARY JOSEPHINE O'NEIL.

Under Laws 1915, c. 161, s. 1, a marriage with an insane woman under the age of 45 may be annulled on petition of the husband.

PETITION IN EQUITY, for the annulment of a marriage contracted at Nashua between the parties hereto. The court having found that the defendant was insane at the time of the marriage, and that this fact was fraudulently concealed from the plaintiff, ordered that the marriage be annulled. To these findings and to the order the defendant excepted, and a bill of exceptions was allowed by *Branch,* J.

Other facts are stated in the opinion.

*Cobleigh & Cobleigh,* for the plaintiff.

*Thomas J. Leonard* and *Lucier & Lucier,* for the defendant.

PLUMMER, J. In this case the court made the following findings and order: "The parties were married May 1, 1920. In the preceding month of January she [the defendant] was examined by two physicians and committed to the state hospital as an insane person. At that institution she was found to be insane and her trouble was diagnosed as *dementia praecox* of a paranoiac type. After four days she was paroled in the custody of her mother, although her condition was not improved. The petitioner became acquainted with her only two months before their marriage. During this time he visited at her house and became acquainted with the members of her family, but no one ever informed him of her commitment to the state hospital or that she had been mentally deranged. It is found that at the time of the marriage the defendant was insane; that this fact and the above facts regarding her history were fraudulently concealed from the petitioner, and that the marriage contract is thus tainted with fraud. It is therefore ordered that the marriage be annulled." The defendant took several exceptions to the refusal of the court to make requested findings, and to the above findings and order. But the defendant's exceptions are really to the findings of the court that the defendant was insane and that this fact was fraudulently concealed from the plaintiff. As the law now is, and

was at the time of the marriage, the finding that the defendant's insanity was fraudulently concealed from the plaintiff is immaterial. If the defendant was insane at the time of the marriage ceremony, then the order of annulment should be sustained. Section 1, chapter 161, of the Laws of 1915, is as follows: "No woman under the age of forty-five years, or man of any age, — except he marry a woman over the age of forty-five years, — either of whom is an epileptic, imbecile, feeble-minded, idiot, or insane person, shall hereafter intermarry or marry any other person within this state." It was held under this statute in *Lau* v. *Lau, ante,* 44, that a marriage between a man and a feeble-minded woman under forty-five years of age is voidable if both parties are living. By the statute an insane woman would stand the same as a feeble-minded woman.

Both parties to these precedings are living, and the defendant was under twenty-three years of age when the marriage ceremony was performed. Consequently, if she were then insane, there can be no doubt under the above statute and decision as to the validity of the order of annulment. The only question presented by the exceptions is whether there was evidence to justify the finding of the court that the defendant was insane when the marital ceremony was performed. If there was, the finding is not open to revision by this court, and the order of annulment cannot be disturbed. *Flaherty* v. *Railway,* 78 N. H. 254; *State* v. *Tetrault,* 78 N. H. 14; *Goy* v. *Director-General,* 79 N. H. 512. There was abundant evidence at the trial to sustain the finding of the court that the defendant was insane at the time of the marriage. Therefore the order of annulment must be sustained.

*Exceptions overruled.*

All concurred.