ALDRICH *v.* CONCORD & MONTREAL RAILROAD.

In an action for injuries alleged to have been caused by negligence, evidence that the defendant subsequently remedied the alleged defect is not competent as showing an admission of previous negligence.

CASE, for injuries caused by a defective switch negligently maintained by the defendants. Verdict for the plaintiff.

*George B. French,* for the plaintiff.

*Joseph W. Fellows, Robert M. Wallace,* and *John M. Mitchell,* for the defendants.

CARPENTER J. The plaintiff was permitted to show that after the accident the defendants took out the switch by which, as he claimed, the derailment was caused, and put in another of a different kind. The evidence was received on the question whether the old switch was reasonably safe, and, it must be presumed, was considered by the jury.

Evidence of this character has heretofore been admitted in this state without objection. In actions upon the statute of highways, proof that by direction of the selectmen the defects or obstructions complained of were cured or removed shortly after the accident has been received as tending to show an admission on the part of the town that the highway at the time of the accident was not reasonably suitable for the public travel. This has been so well understood by the general public, that quite commonly town officers have refused to repair highways pending litigation lest their action should be received as evidence against the town. The question is now for the first time presented.

Accidents may happen which human foresight cannot anticipate and which human wisdom cannot prevent. They may disclose the previously undiscoverable cause, and point out a way of preventing like accidents in the future. It is unjust to hold that a correction of defects so disclosed, and made to prevent other similar injuries, is evidence that the accident itself was due to negligence. The doctrine, so far as it tends to restrain or delay the correction, is unwise—injurious to the public safety. Ordinary care is the standard of duty. Between reasonable and possible precaution the distance may be wide. A defendant who has exercised ordinary care to avoid injuring others, should be at liberty to exert extraordinary diligence without liability to have his action used as evidence of previous negligence.

Improvements in the various appliances of railroads tending to the safety of the traveller are constant, many of them suggested doubtless by accidents. This may be the case with switches. It may be, for aught that appears, that the old switch was as safe as science could provide, and that the new switch substituted for it was an invention so recent that the defendants did not, and by reasonable diligence could not, know of its existence until after the accident. It may be that the particular defect in the switch which caused the derailment was one which ordinary care could not discover, but which, when disclosed by the accident, was easily remedied. It is always open to a plaintiff complaining of negligence to show by competent evidence that the defendant knew, or by ordinary care might have known, of better and safer means or implements for the doing of his work, and reasonably ought to have made use of them; but the mere fact that he sub-

sequently adopted them has no legitimate tendency to show that his previous appliances were not reasonably safe, or, if they were not, that he either knew or could have known they were not.

City ordinances requiring certain things to be or not to be done on the streets and sidewalks, are not competent evidence on the question whether the streets are reasonably suitable for the public travel. *Davis* v. *Manchester*, 62 N. H. 422. One of the grounds on which the decision was put is inconsistent with the doctrine that precautions are evidence of prior negligence. The court said,—" Proof of the mere fact that the thing complained of as a defect was in the street in violation of an ordinance would not be enough to establish the city's liability: the street might nevertheless be in condition suitable for the public travel. Proof that the alleged obstruction was authorized by an ordinance would not constitute a defence: the street might nevertheless be unsuitable for the travel. The things prohibited do not render the streets unsuitable any more than they would if they were not prohibited. The fact that they are prohibited is not relevant to the issue ; it has no tendency to show the actual condition of the streets, and is not an admission or evidence of an admission by the city that their presence in the streets renders them unsuitable for the travel within the meaning of the statute . . . The city councils might deem it advisable that the streets be maintained in a better and safer condition than that prescribed by the statutes. If their requirement that they be so kept were held to raise the standard of the city's obligation,—to be an admission or evidence of an admission that a street not maintained at the degree of excellence so required is defective and insufficient,—the city might be subjected to damages, not for its negligence, but by reason of its extraordinary and unnecessary precaution." The ordinances there held incompetent were adopted before the time of the plaintiff's injury. But the time of their making, whether the day before or the day after an accident, cannot affect their competency as evidence. They cannot be received in one case and rejected in the other. Their force as an admission or declaration of the condition in which the highways should be kept is the same in either case. And as a question of evidence, there can be no sound distinction between a city's requirement made after an accident that the streets be kept in a certain condition, and the subsequent putting of them in that condition.

The proposition that precautions taken after an accident have no just tendency to show that those previously taken were not reasonably sufficient is sustained by a decided weight of authority. It is so held in England (*Hart* v. *Railway*, 21 L. T. Rep. N. S. 261); by nearly all the state courts which have considered the question (*Corcoran* v. *Peekskill*, 108 N. Y. 151, and cases cited; *Clapper* v. *Waterford*, 131 N. Y. 382, 390; *Nalley* v. *Hartford Carpet Co.*, 51 Conn. 524; *Terre Haute, etc., Railroad* v. *Clem*, 123

Ind. 15; *Hodges* v. *Percival*, 132 Ill. 53; *Cramer* v. *Burlington*, 45 Iowa 627; *Morse* v. *Railway*, 30 Minn. 465; *Lombar* v. *East Tawas*, 86 Mich. 14; *Ely* v. *Railway*, 77 Mo. 34; *Missouri Pacific Railway* v. *Hennessey*, 75 Tex. 155; *Shinners* v. *Locks and Canals*, 154 Mass. 168); and by the supreme court of the United States (*Columbia, etc., Railroad* v. *Hawthorne*, 144 U. S. 202). In this case *Gray*, J., says,—" Upon this question there has been some difference of opinion in the courts of the several states. But it is now settled, upon much consideration by the decisions of the highest courts of most of the states in which the question has arisen, that the evidence is incompetent, because the taking of such precautions against the future is not to be construed as an admission of responsibility for the past, has no legitimate tendency to prove that the defendant had been negligent before the accident happened, and is calculated to distract the minds of the jury from the real issue and to create a prejudice against the defendant. . . . The true rule and the reasons for it were well expressed in *Morse* v. *Minneapolis & St. Louis Railway* [30 Minn. 465] above cited, in which Mr. Justice *Mitchell*, delivering the unanimous opinion of the supreme court of Minnesota, after referring to earlier opinions of the same court the other way, said,— 'But on mature reflection we have concluded that evidence of this kind ought not to be admitted under any circumstances, and that the rule heretofore adopted by this court is on principle wrong; not for the reason given by some courts, that the acts of the employés in making such repairs are not admissible against their principals, but upon the broader ground that such acts afford no legitimate basis for construing such an act as an admission of previous neglect of duty. A person may have exercised all the care which the law required, and yet, in the light of his new experience, after an unexpected accident has occurred, and as a measure of extreme caution, he may adopt additional safeguards. The more careful a person is, the more regard he has for the lives of others, the more likely he would be to do so, and it would seem unjust that he could not do so without being liable to have such acts construed as an admission of prior negligence. We think such a rule puts an unfair interpretation upon human conduct, and virtually holds out an inducement for continued negligence.'" Justice *Gray* quotes also with approval the following vigorous language of *Bramwell*, B., in *Hart* v. *Railway*, above cited: "People do not furnish evidence against themselves simply by adopting a new plan in order to prevent the recurrence of an accident. I think that a proposition to the contrary would be barbarous. It would be, as I have often had occasion to tell juries, to hold that because the world gets wiser as it gets older, therefore it was foolish before."

It is not a federal question, and the judgment of the United States supreme court is not conclusive on the state courts. But

their decision is entitled to great and special weight. Equality in the administration of justice requires the rule to be the same in both courts. It would not be creditable to our system of jurisprudence that the liability of the defendants should depend upon the forum, state or federal, in which it is sought to be enforced.

It is urged that a cure of the alleged defect may in some cases unavoidably be brought to the attention of the jury, as for example where a view is taken. But in every trial matters may come to the knowledge of the jury which they cannot lawfully consider in making up their verdict. Whenever this happens it is the duty of the court to instruct them that such matters are irrelevant and not to be regarded.

*Martin* v. *Towle*, 59 N. H. 31, in so far as it is inconsistent with this judgment, is overruled.

*Verdict set aside.*

CLARK, J., did not sit: the others concurred.