Hillsborough, }
Jan. 6, 1925. }

EDWARD REYNOLDS *v.* MAINE MANUFACTURING COMPANY.

An employer putting a servant to work upon an appliance which has broken a number of times in several years past can be found to have been chargeable with knowledge of its liability to break, and guilty of negligence in failing to warn the servant, who was inexperienced in the use of such appliances and blamelessly ignorant of the liability of this particular appliance to break.

If the use of a simple safety device would prevent injury to the servant in case the appliance should break, the employer can be found guilty of negligence in failing to install such a device.

In answer to the employer's claim that such a device is impracticable, it is competent to show that it has actually been used, since the accident to the plaintiff, in connection with the very appliance the breaking of which caused the injury upon which the suit is based.

A motion to set aside a verdict upon the ground of exceptions taken during the trial raises no question not raised by the exceptions themselves. The denial by the trial judge of such a motion involves a finding that the matter to which the exceptions related was not prejudicial or harmful to the excepting party, and did not render the trial unfair.

CASE, for negligence. The plaintiff, an employee of the defendants, was injured by the breaking of a kingbolt on a wagon which he was driving.

Trial by jury and verdict for the plaintiff. A view was taken by

the jury. The defendants' motions for a nonsuit and directed verdict were denied subject to exceptions. The defendants moved to set the verdict aside "because it was against the law and the evidence and the weight of the evidence, because the jury did not consider the law and the evidence but were influenced by sympathy, passion and prejudice, and because of exceptions taken by the defendants during the trial." This motion was denied and the defendants excepted. There were also exceptions to a statement of plaintiff's counsel, and to evidence. The facts sufficiently appear in the opinion. Transferred by *Marble*, J.

*Thomas J. Leonard* and *Doyle & Doyle* (*Mr. Paul J. Doyle* orally), for the plaintiff.

*Lucier & Lucier* (*Mr. Alvin J. Lucier* orally), for the defendants.

PLUMMER, J. The evidence warranted the following findings of fact: The plaintiff was employed by the defendants to drive a team, and draw refrigerators from their elevator to their storehouse. A large, heavy wagon was used for that purpose. The body of the wagon was attached to the forward axle by a kingbolt which went through the axle. On the sixth day after the plaintiff began work, and while taking his first full load of refrigerators from the elevator to the storehouse, the kingbolt broke, the forward part of the body of the wagon fell to the ground, the plaintiff fell from the wagon seat onto the ground, and refrigerators were thrown upon him, causing the injury complained of.

The wagon had been used by the defendants in this work for several years, and during that time six kingbolts had broken on it, and some two years prior to the accident two of these breaks occurred in two weeks. When the plaintiff was employed to drive this wagon, he was not informed that kingbolts had broken upon it, and he knew nothing about it. He never had had any experience driving such a wagon. From these evidentiary facts the jury could find that the defendants knew or ought to have known that kingbolts on this wagon had frequently broken, and were likely to break at any time, and that they were guilty of negligence in not informing the plaintiff of that fact, of which he was blamelessly ignorant, when they employed him to drive the wagon. "It was the defendants' duty to notify him of all the dangers incident to doing what he was employed to do, of which they did and he did not know." *Cate* v. *Railroad*, 77 N. H. 70, 72.

*Deschene* v. *Company,* 75 N. H. 363, 364; *Marston* v. *Portsmouth,* 78 N. H. 223; *Cassidy* v. *Corporation,* 79 N. H. 427.

The defendants' failure to perform this duty justified the verdict.

There is another ground upon which the verdict can be sustained. It was the claim of the plaintiff that by reason of the frequent breaking of the kingbolt on this wagon, the defendants knew or should have known that it was dangerous to drive, and therefore they should have equipped the wagon with a device to prevent an accident in case the kingbolt broke. The front axle of the wagon turns on a circle. The upper half of this circle is attached to the body of the wagon, and the under half to its front axle. The two halves fit together, and the kingbolt passes through the circle, holding it together. It was the contention of the plaintiff that a chain could have been put around this circle and the front axle in such a manner as to prevent the body of the wagon from falling to the ground when the kingbolt broke, without unreasonably interfering with the wagon's use and operation. The answer of the defendants to this contention was that the use made of the wagon required it to be so constructed that a very short turn could be made with it, and that a chain could not be placed around the circle and front axle which would be effective to prevent an accident caused by the breaking of a kingbolt, without unreasonably interfering with the use and operation of the wagon. The evidence warrants the conclusion that the defendants should have equipped the wagon with a device to guard the driver against the danger of a breaking kingbolt, if it were reasonably possible to do so. A witness for the plaintiff, who was a blacksmith, with experience in repairing and building heavy wagons, testified that a chain could be so placed about the circle and front axle of the wagon as to prevent it from falling if a kingbolt broke, without unreasonably interfering with its use and operation. The wagon was produced and a view was taken by the jury, and the witness demonstrated before them how it was practical to place a chain on the wagon in such a manner as to prevent such an accident as happened to the plaintiff. It cannot be held as a matter of law that the wagon should not have been equipped with a safety device as the plaintiff contends. Admitting that the oral testimony was not convincing to prove that it was a practical thing to do, still there was the evidence presented at the view, and, as said in *Crowther* v. *Company,* 79 N. H. 63, 65: "This court does not know how strong and convincing that evidence was, but the jury were fully informed of its character, and, therefore, this is peculiarly a case where their judgment and experience should be invoked to

determine the issues involved. *Lyman* v. *Railroad,* 66 N. H. 200; *Whitcher.* v. *Railroad,* 70 N. H. 242, 248."

The defendants' exception to the denial of their motion to set the verdict aside cannot be sustained. Whether the verdict was against the weight of the evidence, and was produced by sympathy, passion and prejudice, as asserted by the defendants, were questions of fact for the determination of the trial court, and his decision of them, which was based upon ample evidence, cannot be disturbed. *Fuller* v. *Bailey,* 58 N. H. 71; *Lucier* v. *Larose,* 66 N. H. 141; *Hovey* v. *Brown,* 59 N. H. 114; *Flaherty* v. *Railway,* 78 N. H. 254.

The last ground of the defendants' motion to set aside the verdict was because of exceptions taken by the defendants during the trial. It is understood by this that the defendants refer to an exception taken by them to a statement of the plaintiff's attorney made during the trial and to an exception to evidence. These exceptions were overruled by the court at the trial, and it cannot avail the defendants anything, as a matter of law, to include them in their motion to set the verdict aside. A ruling upon these exceptions, as a legal proposition, in connection with the motion to set the verdict aside, would be no different than a decision upon them as taken during the trial. The only effect of the denial of the defendants' motion upon these grounds is the finding of fact involved in the court's decision, that the conduct of the plaintiff's attorney and the evidence referred to in the motion were not prejudicial or harmful to the defendants, and did not render the trial unfair. *Lavigne* v. *Lavigne,* 80 N. H. 559, and cases there cited.

In the direct examination of a witness by the plaintiff, inquiry was being made as to the feasibility of putting a perch on the wagon, when counsel for the defendants interrupted, whereupon counsel for the plaintiff said: "You ought to have it (a perch) if you have a dangerous wagon. We are going to find out about this wagon." To this statement the defendants excepted. The statement was made by counsel in reply to the suggestion of defendants' counsel, indicating that a perch was not used on such a wagon as the one in question. It was one of the claims of the plaintiff that this wagon was dangerous, and should have had a perch upon it to make it safe, and counsel was making a statement of this claim. He did not say that the wagon was dangerous, but if it was, then it should have been equipped with a perch. He was not testifying, but stating the plaintiff's position. If, however, it could be held that the conduct of the plaintiff's attorney was objectionable, it could not affect the verdict,

because, as already stated, the trial court has found in effect that his conduct was not prejudicial, and did not render the trial unfair.

A witness for the plaintiff testified that he was driving the wagon in controversy, and had been doing so for some six or seven months. Subject to exception he was allowed to testify in rebuttal that he had used chains on the wagon around the circle. The defendants objected to this testimony on the ground that it was not rebuttal; that it related to something that has happened since the accident; and that the witness did not state where or how the chains worked or whether they worked at all, — that the testimony proved nothing, but gave the impression that a chain could be used. Whether the evidence was rebuttal is of no consequence here. It was allowed to be so presented by the trial court, and being a question of procedure, his ruling upon it is final. *LaCoss* v. *Lebanon*, 78 N. H. 413.

It is true that evidence could not be introduced of changes or repairs made upon the wagon subsequent to the accident for the purpose of showing an admission of the defendants' negligence. *Aldrich* v. *Railroad*, 67 N. H. 250. "But this rule does not preclude the use of such evidence for other and proper purposes." *Bixby* v. *Thurber*, 80 N. H. 411, 417. This evidence was not offered to prove that the defendants were negligent in not having this wagon equipped with a chain, but to contradict a witness of the defendants that a chain could not be used on the wagon as claimed by the plaintiff. The court instructed the jury that the evidence was to be strictly limited to the purpose for which it was offered. In view of the purpose for which this evidence was offered, and the instruction of the court to the jury, its introduction was not a violation of the rule above stated.

The objection of the defendants that the evidence should have been rejected because inconclusive cannot be sustained.

The witness testified that as a driver of this wagon he had used chains around the circle and front axle. The fair inference from this testimony is that he used the wagon, so equipped, about the work in the usual way. If the defendants thought that he did not, it was open to counsel on cross-examination to obtain detailed information as to this driver's use of the wagon.

*Exceptions overruled.*

All concurred.