Strafford,
No. 5246.

WILLIAM S. ANDERSON *v.* WILLIAM L. DELAURIER.

Argued September 11, 1964.
Decided November 4, 1964.

*Fisher, Parsons, Moran & Temple* (*Mr. Robert H. Temple* orally), for the plaintiff.

*Burns, Bryant & Hinchey* (*Mr. Donald R. Bryant* orally), for the defendant.

WHEELER, J.   The principal point advanced here is that the Court's failure to grant the plaintiff's motion for a mistrial constitutes reversible error.

During the course of cross-examination, defendant's counsel asked these questions of the plaintiff:

"Q. Now this accident was, I believe, August 18, 1960? A. Yes.   Q. How long did you work following the accident? A. Three weeks.   Q. You worked three weeks after the accident. It would mean you stopped work after the first week in September?   A. Yes.   Q. Is that when you say you stopped work for the first time after this accident?   A. I worked for three weeks up until then;   I stopped for three weeks.   Then I went back to work after that.   Q. Isn't it true, Mr. Anderson, you actually worked after this accident until October 3rd of 1960, which would be about six and a half weeks?   A. I worked three weeks. Q. Would you deny that you worked from the day of the accident until October 3rd of 1960, before you took any time off from work?   A. I worked three weeks after the accident.   Then my head and back was hurting so bad the doctor advised me to stay home.   Q. Well my question was — let me ask you this question:   if the records of the Labor Commissioner of the State of New Hampshire with regard to Workmen's Compensation showed that —

MR. TEMPLE:   I object to this, your Honor.   I would like to approach the bench.

COURT:   Mr. Foreman and gentlemen of the jury, we will take a short recess at this time.

CHAMBERS:

COURT:   My understanding on this is the subrogation principle is involved.   Are you going into the Workmen's Compensation Act?

MR. BRYANT:   My purpose, your Honor, is merely for the purposes of credibility.   I think it is important whether this man sustained an injury or not, and at least the kind of injury he

is claiming here is subject to serious doubt. I think it makes a difference whether he worked three weeks or six and a half weeks. I think any man that is able to work for six and a half weeks after an accident before he takes any time off from work is going to be less highly regarded by the jury than a man, who, perhaps takes time off after only working three weeks. To my surprise he has denied the fact he worked six and a half weeks. The records of the Labor Commissioner's office show the period of time he worked, if Mr. Temple will agree with it, and if he does that could be the end of it."

Thereafter it was agreed between counsel for the parties that the plaintiff worked at Granite State Laundry from August 18 to October 3, 1960 and thereafter resumed work from October 24, 1960 to January 20, 1961.

The plaintiff contends that defendant's counsel's question (which was not finished) indicated to the jury that workmen's compensation was involved and that there is no certainty that this was not considered by the jury in mitigation of the verdict.

The plaintiff introduced evidence that his medical expenses amounted to $1,611 and that loss of wages amounted to $4,500.

It is settled law in this jurisdiction that a tort defendant can derive no benefit from the fact that plaintiff was insured or that his bills have been paid by a workmen's compensation insurer or from other sources. *Abbott* v. *Hayes*, 92 N. H. 126; *Bell* v. *Primeau*, 104 N. H. 227, and cases cited. In fact this plaintiff had received workmen's compensation, and the compensation insurer claims a substantial lien under RSA 281:14 (supp).

The plaintiff contends that the statement by defendant's counsel concerning workmen's compensation is equally as harmful to him as is evidence of insurance to a defendant and that the amount of the verdict in relation to plaintiff's special damages lends support to his contention that the jury considered that workmen's compensation had been paid in arriving at a verdict of $3,500.

The incomplete question by counsel for the defendant which was not answered was indefinite and not tied to the plaintiff. The question concerned records of the Labor Commissioner in general and not whether he specifically received workmen's compensation.

Assuming the validity of plaintiff's position that evidence of workmen's compensation is to be treated as is evidence of insurance, its introduction does not necessarily render the trial unfair.

*Dimarco* v. *Smith*, 90 N. H. 378. In the last analysis, the facts of each case determine whether undue prejudice has resulted. *Angelowitz* v. *Nolet*, 103 N. H. 347, 349.

The permanence of the plaintiff's injuries was strongly contested by the defendant. The plaintiff's doctor, a general practitioner, testified in substance that the plaintiff's injuries were not only permanent but progressive and that in reaching this conclusion he was aided by the x-rays which indicated a slightly narrowed joint space between vertebrae C-6 and C-7 in the neck and small amount of arthritis in the mid-back at vertebrae D-9 to D-11. The plaintiff had testified that his only complaints had been pain in the back of the head and in the back below the beltline.

The defendant's medical expert, an orthopedic surgeon, testified among other things that if the plaintiff worked six weeks after the accident and then another twelve weeks after three weeks out of work "I can't conceive of him working that amount of time and being seriously injured" and "careful examinations of this man failed to show any objective findings to substantiate his claim of being unable to work more than two hours a day." The doctor further testified that the plaintiff had "either a very low threshold of pain, extremely low, or that he was unduly worried about something having happened to him that might give him trouble sometime." It was his opinion that the changes shown by the x-rays were not due to the accident.

In this state of the evidence the jury could find as they apparently did that the plaintiff was not permanently injured and have returned a verdict accordingly.

In all the circumstances we cannot hold that the Trial Court's implicit finding, by its denial of plaintiff's motion for mistrial, that the trial was not rendered unfair by the question asked by defendant's counsel was clearly erroneous as a matter of law. *Angelowitz* v. *Nolet, supra*, 351, 352.

*Judgment on the verdict.*

All concurred.