Merrimack
No. 82-025

DONALD W. LUPA

v.

WALTER JENSEN & a.

August 31, 1983

*Wiggin & Nourie*, of Manchester (*Gregory A. Holmes* on the brief and orally), for the plaintiff.

*Cullity & Kelley*, of Manchester (*John C. Boeckeler* on the brief and orally), for the defendants.

PER CURIAM. This action stems from a motor vehicle accident involving vehicles operated by the plaintiff, Donald W. Lupa, and the defendant Walter Jensen. The record reveals that the plaintiff's vehicle stalled as it was pulling away from a stop sign and was then hit in the rear by the truck operated by defendant Jensen. The plaintiff brought suit seeking damages for personal injuries. Following a jury trial in Superior Court (*Souter*, J.), a verdict was returned in favor of the defendants, and the plaintiff appealed.

The plaintiff challenges the propriety of the trial court's jury instructions. He claims that the trial judge instructed the jury erroneously on the statutory motor vehicle provisions regarding permissible speed limits and following distances. *See* RSA 265:25, :60. The trial court charged the jury as follows:

"The plaintiff in this case has claimed that the defendant has violated two . . . statutes [RSA 265:25 and RSA 265:60]. I am going to read them to you in a moment. Suffice it to say at this point that if you find that the defendant in this case has in fact violated or failed to observe the standards contained in either of the statutes that I am going to read to you, and *if you find that by doing that his behavior or his operation created the risk which it was the apparent object of the statute to avoid*, then you will regard that failure to observe the statute as negligence in the operation of this case."

(Emphasis added.)

■■ We agree with the plaintiff's contention that the determination as to whether or not statutes apply in a particular case is a question of law for the trial court, and that the court therefore erred in submitting this question to the jury. *See Moulton v. Groveton Papers Co.*, 112 N.H. 50, 52, 289 A.2d 68, 70–71 (1972) (court decides as matter of law that injury was within risk of danger against which statute protected); 2 F. HARPER & F. JAMES, JR., THE LAW OF TORTS § 17.6, at 1003 (1956). *See generally* RESTATEMENT (SECOND) OF TORTS § 286 (1965). For this reason, the trial court itself should have decided whether the statutes in question were applicable and then submitted for the jury's consideration only the questions whether the defendant in fact breached the statutory standards and, if so, whether that breach was the proximate cause of the plaintiff's injuries. Because the improper instruction could have misled the jury, we hold that the instruction constituted reversible error. *See Bernier v. Demers*, 121 N.H. 217, 218, 427 A.2d 514, 515 (1981).

■ The plaintiff also argues that the trial court erred in failing to instruct the jury specifically that the plaintiff had received $34,927 in workmen's compensation benefits and was obligated to reimburse the compensation carrier out of the verdict. Although the jury returned a verdict for the defendants on the issue of liability and never reached the issue of damages, we will address this question, in the interest of judicial economy, to provide some guidance to the trial court upon remand.

The fact that the plaintiff had made a claim for workmen's compensation was brought out during cross-examination of the doctor who had examined the plaintiff for the compensation carrier. The trial court instructed the jury that evidence relating to the payment of workmen's compensation benefits to the plaintiff had no bearing on the issues of the case. He stated that if a verdict was returned for

the plaintiff, "I will see to it myself that there is no double recovery; in other words, there isn't going to be a recovery in anything in your verdict for anything that might have been covered by workmen's compensation." *See* RSA 281:14, I (Supp. 1981). The trial judge refused to instruct the jury that the plaintiff had received compensation benefits in the amount of $34,927.

■■ We hold that the court properly refused to inform the jury of the specific amount of the workmen's compensation benefits because, as the court recognized, the amount of the benefits had no probative value with respect to whether the defendant was liable for the plaintiff's alleged injuries. *Abbott v. Hayes*, 92 N.H. 126, 132–33, 26 A.2d 842, 847 (1942); *see also Anderson v. DeLaurier*, 106 N.H. 57, 59, 204 A.2d 230, 231 (1964). While the court properly stated that the plaintiff would not be permitted to obtain a double recovery, a cautionary instruction that was justified on the facts of this case, we agree with the plaintiff that the court should also have instructed the jury that New Hampshire law requires that the compensation insurer be reimbursed out of the verdict. *See* RSA 281:14, I (Supp. 1981).

*Reversed and remanded for new trial.*

BOIS, J., dissented.

BOIS, J., dissenting: Although I agree that the trial judge erred in permitting the jury to decide whether the parties' accident fell within the risk of danger which the speed-limit and following-distance statutes sought to avoid, I find the error harmless. *See Vigitron, Inc. v. Ferguson*, 120 N.H. 626, 630, 419 A.2d 1115, 1118 (1980).

It was clear at trial that the major purpose of the statutory provisions was to prevent motor vehicle accidents, like the one at issue. The speed limit statute expressly states that "speed shall be so controlled as may be necessary to avoid colliding with any . . . vehicle . . . ." RSA 265:60, I. In my opinion, no juror could have found the plaintiff's alleged injury outside the risk which the statutes sought to avoid. The plaintiff's interests, therefore, were not prejudiced when the jury decided this issue.

Furthermore, I cannot see how the jury could have been misled by the instruction, which, although improperly submitted to the jury, was in itself a clear and correct statement of the law. *See Faust v. General Motors Corp.*, 117 N.H. 679, 686, 377 A.2d 885, 889 (1977) (jury has generally been deemed to have been misled where the

charge contains an incorrect statement of law or omits an essential element of the case). For these reasons, I would affirm the jury's verdict.