Coos
No. 84-460

MARY C. YOUNG

v.

RICKY CLOGSTON

October 24, 1985

*Philip R. Waystack, Jr.*, and *David D. King*, of Colebrook (*Mr. King* on the brief, and *Mr. Waystack* orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*Ronald J. Lajoie* on the brief and orally), for the defendant.

KING, C.J.   The plaintiff appeals from a directed verdict for the defendant after a trial in which the plaintiff claimed damages for injuries resulting from an automobile accident.

On June 18, 1981, at approximately six o'clock in the evening, the plaintiff drove her automobile south on Route 3 toward the village of Pittsburg. Along the way she came upon a tractor-trailer loaded with logs, which the defendant had parked on the roadway. It was a brilliant, sunny day and although the plaintiff slowed her vehicle when temporarily blinded by the sun, she never saw the parked tractor-trailer due to the glare and shadows. As a result, her car collided with the rear of the trailer and she sustained severe injuries.

Following the accident, the plaintiff sued the defendant for her injuries, claiming: that the defendant was negligent in parking the tractor-trailer; that the tractor-trailer was illegally parked; and that the defendant's actions were the proximate cause of her injuries.

The trial began with a view by the jury of the scene of the accident, without the presence of the judge. During the course of the trial, the plaintiff moved for a mistrial based on comments made by the Trial Court (*Dickson*, J.) concerning a witness's testimony. The court denied this motion. After both parties had presented their evidence, the court granted a directed verdict for the defendant. The plaintiff's appeal followed. We reverse and remand.

The plaintiff argues on appeal that the trial court erred: (1) in directing a verdict for the defendant, because there were questions of fact which the jury should have considered; (2) in refusing to grant the motion for a mistrial; and (3) in refusing to admit evidence of subsequent remedial measures.

The law in this State regarding the granting of directed verdicts is clear. "A trial court may grant a directed verdict 'only when all of the evidence viewed most favorably to the opponent so overwhelmingly favors the moving party that no contrary verdict based

upon that evidence could ever stand.'" *Hogan v. Robert H. Irwin Motors, Inc.,* 121 N.H. 737, 740, 433 A.2d 1322, 1325 (1981) (quoting *Stock v. Byers,* 120 N.H. 844, 848, 424 A.2d 1122, 1125 (1980)). In granting the directed verdict for the defendant, the court found the plaintiff negligent and held that her negligence was the proximate cause of the collision. The court then addressed the issue of comparative negligence. Finding that the defendant had acted reasonably under the circumstances, had been in compliance with the parking statute, and could not have foreseen the plaintiff's negligence, the court concluded that the defendant was not negligent and that his acts were not the proximate cause of the plaintiff's injuries.

"The existence of negligence in a particular case is sometimes said to be a mixed question of law and fact." W. KEETON, D. DOBBS, R. KEETON & D. OWEN, PROSSER AND KEETON ON THE LAW OF TORTS § 37, at 235 (5th ed. 1984) (citing *Parlato v. Connecticut Transit,* 181 Conn. 66, 68, 434 A.2d 322, 323 (Sup. Ct. 1980)). Nonetheless, the separate roles of the court and the fact-finder have acquired some definition in the area of negligence.

The jury determines the facts; i.e., whether the defendant has conformed to the standard of care required by law, and whether the defendant's conduct is a legal cause of the plaintiff's injuries. RESTATEMENT (SECOND) OF TORTS § 328C(a), (b) and (c) (1965). The function of the court is to determine the standard of conduct required of the defendant. The court determines whether the defendant has conformed to that standard *only* in those cases in which the jury may not reasonably come to a different conclusion. *Id.* at § 328B(c) and (d); *see also Parlato v. Connecticut Transit supra.* In addition, the trial judge's discretion to remove questions of fact from the jury is very limited. *See State v. Sheedy,* 125 N.H. 108, 111, 480 A.2d 887, 889 (1984) (citations omitted). In cases in which both parties may be negligent, "[d]etermining the comparative negligence of the parties is a matter for the fact-finder." *Bellacome v. Bailey,* 121 N.H. 23, 27, 426 A.2d 451, 453 (1981) (citing *Lapierre v. Maltais,* 119 N.H. 610, 612, 406 A.2d 123, 124–25 (1979)).

In this case, the judge, without viewing the accident scene, directed a verdict for the defendant. In order to grant the directed verdict the court had to consider the comparative negligence of the parties. Viewing the record presented on appeal, with all reasonable inferences therefrom, and in the light most favorable to the plaintiff, we cannot agree that no rational trier of fact could have concluded that the defendant acted negligently or that his negligence exceeded that of the plaintiff. *See Hogan v. Robert H. Irwin Motors,*

*Inc.*, 121 N.H. at 740, 433 A.2d at 1325; *DeRoy v. Copp*, 123 N.H. 13, 17, 455 A.2d 1034, 1037 (1983).

Moreover, the court's finding that the defendant was not negligent entailed factual determinations which should have been submitted to the jury. *See Laflamme v. Lewis*, 89 N.H. 69, 75, 192 A. 851, 855 (1937). First, the photographs taken at the scene of the accident before the two vehicles were moved did not conclusively establish the distance from the side of the parked tractor-trailer to the center line of the road. Further, there was conflicting testimony on the extent to which the parked tractor-trailer obstructed the plaintiff's traveling lane. Other testimony going to the reasonableness of the defendant's conduct concerned the feasibility of parking the loaded truck off the roadway, either in a driveway or a nearby boat launch. Since the witnesses disagreed on the use of the alternative parking places, that issue was also a factual question for the jury.

Finally, the jury should have had the opportunity to decide whether the defendant breached the statutory standard set out in the parking statute, RSA 262-A:70 (now RSA 265:68), and, if so, whether that breach was the proximate cause of the plaintiff's injury. *See Lupa v. Jensen*, 123 N.H. 644, 646, 465 A.2d 513, 514–15 (1983); RESTATEMENT (SECOND) OF TORTS § 328C (1965). The issue of the defendant's breach of the statutory standard involved factual questions of whether it was possible to park the tractor-trailer off the roadway and whether the tractor-trailer was disabled. The driver's testimony, and his credibility as a witness, were crucial to these determinations. Thus, these issues should have gone to the jury.

We need not decide whether the court's finding as to the plaintiff's negligence was proper since we reverse the directed verdict on the basis of the court's rulings on the defendant's negligence. Moreover, even if no rational trier of fact could have failed to find the plaintiff negligent, it still would have been necessary for the jury to determine the comparative negligence of the parties. *See Bellacome v. Bailey*, 121 N.H. at 27, 426 A.2d at 453. Accordingly, we reverse the directed verdict for the defendant and remand for a new trial.

In view of this determination, we need not decide the last two matters argued on appeal; namely, that the court erred in refusing to grant the motion for mistrial and in refusing to admit evidence of subsequent remedial measures. We will address these issues, however, because they may arise again if the case is retried.

Plaintiff's second argument involves her motion for mistrial on the ground that the court improperly commented on a witness's testimony. The plaintiff called as one of her witnesses Joan Angwin,

who had been a passenger in a vehicle which had traveled the plaintiff's route not long after the accident. During redirect examination, Mrs. Angwin stated that had she been driving rather than riding as a passenger at that time, she would have slowed her vehicle to 25 miles per hour, but would not have stopped. The court then questioned Mrs. Angwin:

> "THE COURT:    I'm a little concerned about this. Do you want to leave it with this Court and jury that you would drive down a road at 25 miles an hour when you could see absolutely nothing? Just answer me yes or no, ma'am.
>
> THE WITNESS: No, sir.
>
> THE COURT:    All right. I can't believe that you would. Go ahead."

In so commenting, the court appeared to attack the witness's credibility. Although the trial judge may question a witness in order to clarify testimony, *In re Ronnie Prime*, 120 N.H. 849, 850, 424 A.2d 804, 805 (1980), weighing of substantive evidence is "the very essence of the jury's function." *Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. 493, 495, 389 A.2d 429, 431 (1978). The trial judge, whose influence on the jury is necessarily great, must not by word or implication comment on the weight of the testimony, for such comment may prove controlling. *See Starr v. United States*, 153 U.S. 614, 626, 38 L.Ed. 841, 846, 14 S.Ct. 919, 923 (1894). In the present case, the court's dialogue with witness Angwin could have colored the jury's decision as to the reasonableness of the plaintiff's conduct and was improper.

The plaintiff's final argument is that the trial court's exclusion of evidence of subsequent remedial measures taken by the defendant was error. The New Hampshire Rule of Evidence governing the admissibility of evidence of subsequent remedial measures states:

> "When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissibile to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment."

N.H. R. Ev. 407.

In *Reynolds v. Company*, 81 N.H. 421, 128 A. 329 (1925), the trial court admitted testimony that the defendants could have used a chain to prevent the accident in question. This court affirmed, and noted, "[t]his evidence was not offered to prove that the defendants were negligent in not having this wagon equipped with a chain, but to contradict a witness of the defendants that a chain could not be used on the wagon as claimed by the plaintiff." *Id.* at 425, 128 A. at 331.

In the present case, the defendant offered testimony to show that parking the truck off the roadway was not feasible. The court should have allowed the plaintiff to present rebuttal evidence of the defendant's subsequent practice of parking off the road at other locations. The importance of allowing the plaintiff to prove feasibility of alternative measures sufficiently counterbalances the policy against admission of subsequent remedial measures. *See Smith v. Company*, 83 N.H. 439, 450–51, 144 A. 57, 63 (1928). Therefore, it was error for the trial court to exclude evidence that the defendant had begun parking his trucks off the road following the collision.

The directed verdict for the defendant is reversed and the case is remanded for a new trial.

*Reversed and remanded.*

JOHNSON, J., did not sit; the others concurred.