Merrimack
No. 85-101

### THE STATE OF NEW HAMPSHIRE

v.

### JAMES ROSENCRANS

August 7, 1986

*Stephen E. Merrill*, attorney general (*Tina Schneider*, assistant attorney general, on the brief), by brief for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

The Superior Court (*Dunn*, J.) denied the defendant's motion for a mistrial, based on his claim that the court's admonition to defense

counsel during his cross-examination of a State's witness prejudiced the defense. We affirm.

The defendant was charged with and convicted of the second-offense misdemeanor of driving while under the influence, in violation of RSA 265:82, :82-b, I(b) (Supp. 1985). The following exchanges occurred during defense counsel's cross-examination of the arresting officer:

> "Q. Now, it is reasonable to say, isn't it, Mr. Hannigan, that it takes approximately 45 minutes to an hour and a half for someone to reach a [blood alcohol] peak, is that a good estimate?
>
> A. I would say that is a good estimate if he drank—probably quickly, yes.
>
> Q. So 45 minutes to an hour and a half, assuming he stopped drinking,—don't nod, say yes or no.
>
> The Court: Just a minute. Ask the question, and try to be responsive. This is an adversary proceeding, but it need not get to the point where we are abrasive.
>
> [Defense counsel]: I am sorry."

After a brief recess, defense counsel moved for mistrial on the ground that the court's remark was prejudicial to the defendant. The court denied the motion, and counsel resumed cross-examination by asking his previous question. On appeal, the defendant argues that the court's interjection was unwarranted, stressing that the State had not objected, and that the court magnified its error by calling a brief recess after the colloquy quoted. We find no error on the record before us, however.

> "Although operating in the adversary system, trial judges are not mere referees. They have the right and in fact the duty to see that trials are conducted in a fair and orderly manner, and may on their own, without waiting for objection from opposing counsel, control the conduct of counsel and the introduction of evidence. Such action does not demonstrate prejudice but rather a proper concern for the real purpose of the adversary system. *See* ABA Standards Relating to The Function of the Trial Judge § 1.1 (Approved Draft 1972)."

*State v. Collins*, 115 N.H. 499, 503, 345 A.2d 162, 166 (1975).

Although admonitions to counsel should be given at the bench and out of the jury's hearing, whenever possible, we do not believe that the trial judge's statement in open court could have risen to the point of error by coloring the jury's decision on the defendant's guilt or innocence. *See Young v. Clogston*, 127 N.H. 340, 344, 499 A.2d 1007, 1010 (1985).

█ The court's statement did not go to the substance of any testimony. Although it expressed some degree of irritation, it was not intemperate. In the same breath that he suggested that defense counsel was getting abrasive, the judge instructed the State's witness to be responsive. After the recess, and defense counsel's repeated apology, the court stated before the jury that there was "no necessity to apologize." And not long thereafter, during the same cross-examination, the court again instructed the witness to be responsive. Given this context, we do not believe that the jury's view of the merits of the case could have been influenced by the court's remark.

*Affirmed.*