ANNA M. BUEHLER AND ROBERT J. BUEHLER

v.

TOWN OF MEREDITH

April 30, 1990

*Law Offices of James J. Kalled,* of Ossipee (*Harvey J. Garod* on the brief and orally), for the plaintiffs.

*Devine, Millimet, Stahl & Branch P.A.,* of Manchester (*Joseph M. McDonough, III,* on the brief, and *Cynthia A. Satter* orally), for the defendant.

## MEMORANDUM OPINION

BATCHELDER, J.   On December 30, 1986, Anna M. Buehler, while exiting the passenger side of her car, slipped and fell on accumulated ice and snow that lined a publicly owned and maintained street in the town of Meredith. Subsequently, she and her husband, the plaintiffs, filed suit alleging that the defendant, the Town of Meredith, was negligent in the maintenance of its streets and highways.

The defendant in response to this action filed a motion to dismiss' claiming that RSA 507-B:2, I, provides the defendant with immunity from actions to recover for personal injuries arising out of the ownership, occupation, maintenance or operation of public sidewalks, streets or highways. This motion was initially denied by the Superior Court (*Flynn,* J.), but was subsequently renewed by the defendant

and granted by the Superior Court (*Dickson*, J.). For the following reasons, we affirm.

On appeal, the plaintiffs argue that the trial court erred in granting the motion to dismiss, because the defendant had waived sovereign immunity pursuant to RSA 412:3 (Supp. 1986) by purchasing casualty insurance providing coverage for personal injuries sustained due to its negligence in the maintenance of streets and highways.

■ In *City of Dover v. Imperial Casualty & Indemnity Company*, 133 N.H. 109, 575 A.2d 1280 (1990), we held that RSA 507-B:2, I, which provides immunity to cities and towns from suit for personal injuries arising out of the ownership and maintenance of public streets and highways, violates guarantees of equal protection found in part I, articles 2 and 12 of the New Hampshire Constitution. In light of the *City of Dover* decision, it is clear that the trial court erred in granting the defendant's motion to dismiss predicated on sovereign immunity.

The defendant claims, however, that even if the trial court erred in granting the defendant's motion to dismiss, such error was harmless because the trial court was nonetheless prepared to grant its motion for a directed verdict. In reference to this argument, the defendant cites to the following excerpt from the transcript:

"MR. GAROD: If I understand the court correctly, it has granted the motion to dismiss and granted the motion for directed verdict?

THE COURT: That's incorrect. I said in passing, I would indicate that if I had not so ruled on the motion to dismiss, I would have granted the directed verdict; and I gave my reasons therefore [sic]."

■ The trial court stated that it was prepared to grant the defendant's motion for a directed verdict because no reasonable trier of fact could find that the Town breached its duty of reasonable care in the maintenance of its streets and highways. In viewing the record, and all reasonable inferences therefrom, in a light most favorable to the plaintiffs, we cannot say that the trial court erred in so concluding. *Young v. Clogston*, 127 N.H. 340, 342, 499 A.2d 1007, 1009 (1985). Accordingly, we hold that although the trial court in hindsight erroneously granted the defendant's motion to dismiss, this error

was in fact harmless because the plaintiffs failed to meet their burden of establishing a *prima facie* case.

*Affirmed.*

All concurred.